PATRICK CROWLEY *vs.* G. H. CUTTING & another.

Essex. November 6, 1895. — March 2, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Employers' Liability Act — " Superintendence " — Law and Fact — Due Care.*

A person must be considered as intrusted with and exercising superintendence whose sole or principal duty is that of superintendence, within the meaning of St. 1887, c. 270, notwithstanding he does some slight manual labor.

If an employee, as he testified, placed his hand on the side of a stone to steady it, as he had been ordered to do while the stone, to which dogs were attached, was ascending, and he had no reason to suppose that it was going to fall, and had a right to rely on the presumption that it was properly fastened, it cannot be said, as matter of law, that he was careless, but the question of his due care is for the jury.

TORT, for personal injuries occasioned to the plaintiff while in the defendants' employ. The declaration was under St. 1887, c. 270, as amended by St. 1894, c. 499. Trial in the Superior Court, before *Braley*, J., who, after a verdict for the plaintiff, reported the case for the determination of this court. The facts appear in the opinion.

*S. H. Tyng,* for the defendants.

*C. A. De Courcy,* for the plaintiff.

LATHROP, J.　The case was tried in the Superior Court on the second count of the declaration, which alleges that the injury was caused by the negligence of one McDonald, — a foreman intrusted with and exercising superintendence over the plaintiff, whose sole or principal duty was that of superintendence, — in superintending the moving of a rock by means of a derrick.

After a verdict for the plaintiff, he was allowed to file another count, in which the injury was alleged to be caused by the negligence of one Barr, who was also alleged to be a person intrusted with and exercising superintendence, whose sole or principal duty was that of superintendence.

By the terms of the report on which the case comes before us, and which contains a transcript of the evidence, judgment is to be entered on the verdict for the plaintiff, if, on the evidence, he is entitled to go to the jury on either count; otherwise, judgment for the defendants.

At the time of the accident the defendants were building a mill in Andover. Barr was the general superintendent of the work, and McDonald was a foreman having charge of a gang of men occupied in lowering by means of a derrick the foundation stones into a trench dug to receive them, and in laying the stones. The stone which caused the injury was selected by McDonald, and was lowered towards the trench by means of iron dogs attached to the boom of the derrick. When lowered it was found to be too large to go into the trench. McDonald broke off a piece of it, and gave an order to hoist the stone. While the stone was being hoisted the plaintiff received an order to steady it as it was swinging. This order was given by McDonald, according to the plaintiff's testimony, or by Barr, according to the evidence put in by the defendants. The plaintiff put his hand on the side of the stone, as he testified, or underneath the stone, as a witness for the defendants testified. When the stone was five or six inches above the ground, the dogs slipped off, and the stone fell, crushing one or more fingers of the plaintiff.

While there is no doubt from the evidence that McDonald did

some manual labor, it clearly appears that this was but slight, and the jury would be warranted in finding that his principal duty was that of superintendence. *Malcolm* v. *Fuller,* 152 Mass. 160.

There was also evidence that the cause of the fall of the stone was the negligence of McDonald while in the exercise of superintendence. The stone was a large one, weighing between thirty-five hundred and four thousand pounds. There was evidence that such a stone should have had holes drilled in it, into which the points of the dogs could be inserted; and that this was not done. McDonald was by the stone at the time the dogs were put on it, and indeed put one of them on himself. The jury might well say that he should have ordered holes to be drilled, and that his neglect to give such a direction was the cause of the accident. See *Mahoney* v. *New York & New England Railroad,* 160 Mass. 573; *McPhee* v. *Scully,* 163 Mass. 216.

Whether the plaintiff was in the exercise of due care was for the jury. The plaintiff was ordered to steady the stone. If, as he testified, he placed his hand on the side of the stone, we cannot say, as matter of law, that he was careless. The stone at that time was ascending, and he had no reason to suppose that it was going to fall, and had a right to rely upon the presumption that it was properly fastened. See cases above cited.

While Barr was where he could see what was going on, it does not appear that he gave any directions, except to tell McDonald some time before to lay the stones that afternoon, unless he directed the plaintiff to steady the stone. The evidence as to this came from a witness for the defendants. If the jury believed the evidence for the plaintiff, Barr was a mere spectator at the time, and took no part in directing the lowering of the stones, or in their manner of fastening. This was left to McDonald, who, so far as the work at the derrick is concerned, must be considered a superintendent within the statute.

According to the terms of the report, the plaintiff is entitled to

*Judgment on the verdict.*