# Melton *v.* E. E. Jackson Lumber Co.

*Action by Employe against Employer to recover Damages for Personal Injuries.*

1. *Master and servant; liability of master for personal injuries to servant.*—In an action by an employe against his employer to recover damages for personal injuries sustained while in the employ of the defendant, it was shown that the defendant was engaged in clearing the right of way for a railroad and grading and building said railroad. The plaintiff, who was a deaf mute, was engaged with a number of other employes of defendant in such work, and had been so engaged for several days when the accident happened. While deaf, the plaintiff's sight was unimpaired. Among other work that was being done, trees were being felled along the right of way. While the plaintiff was engaged in shoveling dirt on the side of the railroad bridge, and his back was towards some of the other employes who were cutting down a tree, the tree fell on the plaintiff and inflicted the injuries complained of. A fellow servant of the plaintiff, who was at work with him at the time of the injury, under the direction of the defendant's superintendent, attempted to save the plaintiff from the falling tree by pushing him, but was unable to do so. *Held*: There was no duty shown on the part of the defendant to the plaintiff which was violated, and no negligence shown for which the defendant was responsible; and, therefore, the defendant was. entitled to the general affirmative charge.

[Melton v. E. E. Jackson Lumber Co.]

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. N. D. DENSON.

This was an action brought by the appellant, Peter B. Melton, against the appellee, E. E. Jackson Lumber Company, to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant. The facts of the case are sufficiently stated in the opinion.

The appeal is prosecuted from a judgment in favor of the defendant.

ELLISON & THOMPSON, and CRAIG & CRAIG, for appellant.—The court erred in giving the general affirmative charge for the defendant.—*Belisle v. Clark*, 49 Ala. 98; 3 Brick. Dig., 110, § 52.

PETTUS, JEFFRIES & PARTRIDGE, *contra*.—The plaintiff was not entitled to recovery, and, therefore, the court did not err in giving the general affirmative charge in favor of the defendant.—*L. & N. R. R. Co. v. Banks*, 104 Ala. 508; *Boland v. L. & N. R. R. Co.*, 106 Ala. 641; *Wilson v. L. & N. R. R. Co.*, 85 Ala. 274; *A. G. S. R. R. Co. v. Dobbs*, 101 Ala. 220; *Western R. v. Walker*, 113 Ala. 267; *L. & N. R. R. Co. v. Hall*, 87 Ala. 720; *Minty v. Un. Pac. R. Co.*, 2 Wis. 437, 4 L. R. A. 409.

McCLELLAN, C. J.—This suit is prosecuted by Melton against the Lumber Co. Plaintiff seeks to recover damages for personal injuries alleged to have been sustained by him through the negligence of the defendant, or of an employe of defendant for whose negligence defendant is supposed to be responsible. The complaint in its forepart alleges that the injuries were "caused by the reason of the negligence of persons in the service or employment of the defendant to whose orders or directions the plaintiff as employe at the time of the injury was bound to conform and did conform, and such injuries resulted from his having so conformed to said orders and directions;" but in its after part the complaint sets up that plaintiff's injuries were sustained in consequence of the failure of one Jones, another employe of defendant, a person to whose orders plaintiff was bound to

conform, and under whose immediate charge plaintiff was, and whose duty it was to guard and protect and warn plaintiff, who was a deaf mute, against danger, etc. to notify the plaintiff of the danger of a falling tree which other employes negligently felled without using precautions to avoid injuring the plaintiff, and in consequence said tree fell upon plaintiff and injured him. It is apparent that this complaint is inartificially drawn, but it was not subject to demurrer, and we will not consider whether it sets forth any cause of action, since, assuming that it does, the judgment below for the defendant must be affirmed on the ground that defendant was entitled to the general charge which was given; there being no evidence of any negligence for which defendant is responsible.

The plaintiff with thirty or forty other laborers was in the employment of defendant and engaged under Jones as foreman or superintendent in clearing the trees, etc. from a railway right of way and constructing a road-bed thereon. He was deaf, but his sight was unimpaired. He of course knew, for he had been there several days while that work was going on, that trees were being felled all the time where he was working. Jones was under no duty to tell him that this was being done: He knew it as well as Jones did. The danger incident to the felling of trees is of course perfectly obvious, and Jones was under no duty to warn him as to it: He could see and appreciate that as well as Jones could. The fact that he was deaf did not impose any duty upon Jones to warn him of dangers whose presence addressed itself to his unimpaired sense of sight, but rather emphasized his own duty of greater vigilance in the use of that sense. But, as matter of fact, Jones did take cognizance of his infirmity of hearing and out of abundance of caution put him to work with Seals, an acquaintance and friend of the plaintiff, and who would converse with him by the use of the finger-alphabet, while Jones could not, and charged Seals not to let him get hurt in any way. Seals was working with him at the time of the injury, and he did all that was possible to save him from the falling tree by pushing him both to call his attention to the dan-

ger and to put him beyond its path. At the moment plaintiff's back was to Seals and the communication could only be made in the way adopted. There was some evidence tending to show that plaintiff's fellow servants who were felling the tree did not give warning that it was falling as soon as they should have, but if they were negligent in this regard it was not negligence for which defendant is responsible to the plaintiff. There was, we conclude, no evidence before the jury that Jones was negligent either in respect of orders given the plaintiff or in respect of warning him of the danger from which the injuries complained of resulted. The trial court was fully warranted in giving the affirmative charge for the defendant.

Affirmed.