# Tennessee C. I. & R. R. Co. *v.* George.

## *Injury to Servant.*

### (Decided May 24, 1909.  49 South. 681.)

1. *Master and Servant; Injury to Servant; Defective Mine; Evidence.*—Where the employes of a miner left a room in the mine because of the falling of some loose rock and the foreman ordered them back with the assurance that there was no further danger, and plaintiff returned and was injured by the fall of a loose washer, it was open to the jury to find therefrom that the foreman was negligent in ordering the employes back without first ascertaining that there was no more loose material overhead.

2. *Same.*—Where plaintiff was injured by material falling from the roof of a mine after having been ordered back into the room by the foreman, it was admissible to show that the plaintiff was injured by the falling of a scantling after they were ordered back as tending to show that the superintendent was negligent in not examining the condition of the room before ordering the men back, especially where the evidence tended to show that the employe left the room because material overhead fell.

3. *Name; Variance.*—Where the complaint charged the injuries to a foreman in defendant's mine named Bill Nolan, and the proof showed the foreman's name to have been Will Knowles, the variance was fatal.

4. *Trial; Variance; How Raised.*—A fatal variance between the pleading and the proof, is sufficiently and properly raised by a request for the general charge.

Appeal from Bessemer City Court.

Heard before Hon. William Jackson.

Action by James George against the Tennessee C. I. & R. R. Co., for injuries received from the falling of a part of the support of the roof of a mine. Judgment for plaintiff and the defendant appeals. Reversed and remanded.

Percy, Benners & Burr, for appellant. Counsel discuss the assignment of errors and insist that there was no evidence that the foreman knew or had any reason to know that the washer in question was likely to fall,

or that the exercise of due care on his part would have discovered it, and so have avoided the injury. They further insist that there was a fatal variance between the allegation and the proof as to the name of the superintendent. They cite no authority.

PINKNEY SCOTT, for appellee. The evidence is sufficient to authorize the jury to conclude that the superintendent was negligent in ordering the men back into the room of the mine.—*Robinson Mining Co. v. Tolbert*, 132 Ala. 465. Counsel discuss the other assignments of error, but without further citation of authority.

ADERSON, J.—The proof shows that the plaintiff and his companions, who had left the room because of the falling of something from overhead, were ordered back by the foreman, Knowles, and assured by him that there was no further danger. Whether Knowles did or did not know of the loose washer, which fell on the plaintiff, it was open to the jury to find that he was guilty of negligence in ordering the plaintiff back to the room without first ascertaining that there were no more loose missiles overhead.—*Bobinson Mining Co. v. Tolbert*, 132 Ala. 465, 31 South. 519.

There was no error in permitting the plaintiff to show that a scantling or something else fell on the workmen, as it was a circumstance for the jury in ascertaining whether or not Knowles was guilty of negligence for failing to examine conditions above before ordering the workmen back.

The complaint charges plaintiff's injuries to the negligence of the defendant's foreman "Bill Nolan," and the proof shows that the name of the foreman was "Will Knowles." This was a fatal variance, which was raised by the general charge, requested by the defendant, and which should have been given.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD. JJ., concur.