# Birmingham Coal & Iron Co. *v*. Brice.

*Injury to Servant.*

Decided November 6, 1912.    Rehearing denied January 23, 1913.
60 South. 952.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where the court understood that count 2 of the complaint was withdrawn, and the evidence as set 'out in the bill of exceptions does not indicate that plaintiff relied at all on that count, the overruling of defendant's demurrers to such count, even if erroneous, was harmless.

2. *Master and Servant; Injury to Servant; Complaint; Designating Places of Accident.*—Where the place of the happening of the accident was not a material feature of the negligence complained of, the failure of the complaint to specify the exact location of the accident did not render it defective.

3. *Same; Variance; Name of Superintendent.*—Where the complaint alleged that the injury was caused by the negligence of J. J. Hewell, one of defendant's superintendents, it was not supported by proof that the injury was caused by the negligence of J. J. Harrell, one of defendant's superintendents.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Walter Brice against the Birmingham Coal & Iron Company, for damages. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The third count after amendment charged that plaintiff was engaged in the service or employment of defendant as a chain rider or laborer or trip rider, and that while engaged in such service or employment, and the discharge of his duties, he was injured as a proximate consequence of the negligence of one Hewell, who was in the service or employment of defendant, and to whose orders and directions plaintiff was bound to con-

[Birmingham Coal & Iron Co. v. Brice.]

form, and did conform. The eighth count alleges the superintendence of Hewell, and that while engaged in the exercise of such superintendence, and knowing that plaintiff was in a place of danger, and on the track in front of a trip of cars, said Hewell failed negligently to give the proper signal, or to do any other necessary and proper act to prevent injury to plaintiff, but negligently permitted a portion of said trip of cars to run over or upon plaintiff, injuring him. Charge 4 was the affirmative charge not to find for plaintiff under the third count.

PERCY, BENNERS & BURR, for appellant. Counsel insist that the court was in error in its rulings on demurrer to the second count, if the same be deemed to be in the complaint when the case went to the jury, but they cite no authority in support of their contention. They discuss the rulings on pleadings as to the other counts, but without citation of authority. They insist that there was a variance in that the complaint designated the superintendent as Hewell while the proof showed him to be Harrell.—*T. C. I. & R. R. Co. v. George,* 49 South. 681.

GASTON & PETTUS, for appellee. Count 2 was sufficient.—*H. A. & B. R. R. Co. v. Dusenbury,* 94 Ala. 413; *L. & N. v. Mothershed,* 97 Ala. 266; *B. R. & E. Co. v. Baylor,* 101 Ala. 493; *Woodward I. Co. v. Herndon,* 114 Ala. 197; *Sloss-S. S. & I. Co. v. Smith,* 166 Ala. 444. Count 3 was likewise good.—*M. & O. v. Thomas,* 42 Ala. 672. On application for rehearing counsel insist that the name of the superintendent was laid under a videlicit, and that it was not necessary to prove the name exactly as alleged.—*Howard v. Ingersoll,* 23 Ala. 674; *Simpson v. Tolbert,* 25 Ala. 469; *Brown v. Berry,* 47 Ill. 175.

WALKER, P. J.—As the plaintiff (appellee here) was riding on the front end of the leading car of a "trip" of several ore cars which were being let down the incline leading from a tipple to the mouth of a mine, there was a jerk or halting of the cars, when, as stated by one of the witnesses, "the cars got to the end of the slack" of the cable by which they were connected with the hoisting engine above, and the plaintiff was thrown in front of the car on which he was riding, and was injured by one or more of the cars running over him. Different charges of negligence were made in the counts of the complaint upon which the judgment must rest.

The original complaint contained seven counts, and count 8 was added by amendment. The minute entry recites that "by leave of the court plaintiff amends the complaint by separate paper this day filed by striking out counts 1, 2, 4, 6, and 7." Though that separate paper, as it is set out in the record, purports to amend the complaint by withdrawing only counts 1, 4, 6 and 7, yet the recital of the minute entry shows plainly that the court understood that count 2 was withdrawn, and as the evidence as set out in the bill of exceptions does not indicate that the plaintiff in the trial relied at all on that count, and as no ruling made in the course of the trial indicates that the charge of negligence made in that count was submitted for the consideration of the jury, the record must be regarded as showing the elimination of that count before the case went to the jury. This being true, the defendant cannot complain of the overruling of the demurrer to a count upon which the recitals of the court's minute entry, read in the light of what is disclosed by the bill of exceptions, shows that its judgment in favor of the plaintiff could not have been based. As the general affirmative charge in favor of the defendant was given as to count 5, the result is

[Birmingham Coal & Iron Co. v. Brice.]

to leave for consideration the action of the court with
reference to counts 3 and 8.

It is urged in argument by the counsel for the appel-
lant that the third count of the complaint as it was
amended was subject to demurrer on the ground sug-
gesting its failure to set out with sufficient certainty the
place where the injury was claimed to have been sus-
tained.   That count alleges the capacity in which the
plaintiff was serving the defendant as its employee at
the time he was hurt, and attributes the injury to the
negligence of a named employee of the defendant, to
whose orders or directions the plaintiff was bound to
conform, in giving a described order to which the plain-
tiff conformed.   It was not incumbent upon the plaintiff
to specify the exact location of the occurrence com-
plained of, as the place where it happened was not a
material feature of the breach of duty complained of.—
*Central of Georgia Railway Co. v. Thomas,* 1 Ala. App.
267, 55 South. 443; *Birmingham Ry., Light & Power Co.
v. Lide,* 58 South. 990; *Mobile & Ohio R. R. Co. v. Thom-
as,* 42 Ala. 672.   The other ground of demurrer to that
count which is relied on in argument amounts to a sug-
gestion that a quoted expression in the plaintiff's plead-
ing is meaningless.   This ground of demurrer was not
applicable to the count as it was amended, as the ex-
pression as it was set out in the demurrer was not con-
tained in the amended count.   The suggestions of error
in the ruling on the demurrer to that count cannot be
sustained.

The eighth count attributed the injury complained of
to the negligence of a person in the service or employ-
ment of the defendant, "namely, Mr. J. J. Hewell," who
had superintendence intrusted to him, while in the ex-
ercise of such superintendence, in that said superinten-
dent, knowing that the plaintiff was in a place of dan-

41 CA

ger on the track in front of a trip of cars, negligently failed to give the proper signal or to do any other necessary and proper act to prevent injury to the plaintiff, but negligently permitted a portion of said trip to run over or upon plaintiff, inflicting the injuries complained of. There was evidence tending to prove that one J. J. Harrell had such superintendence as was alleged, that he was near by in the exercise of such superintndence when the plaintiff fell from the car, and that he got to the plaintiff before the car ran over him. The evidence as to the circumstances and surroundings of the occurrence was such that the jury might have inferred that the injury to the plaintiff could have been averted if Harrell had promptly signalled to the person in charge of the hoisting engine to wind up the cable, so as to keep the cars from running over the plaintiff, and that he was negligent in failing to give such signal. Possibly the proper names "Hewell" and "Harrell" might be regared as having substantially the same sound. If so, then it could not be said that there was a lack of any evidence to sustain the averments of count 8.

In the third count of the complaint the plaintiff attributes his injuries to his conforming to an alleged negligent order given by a coemployee, "to wit, Mr. Hewell," to whose orders he was bound to conform. The only evidence by which this count was sought to be sustained was as to the plaintiff complying with orders given to him by a Mr. Harrell. We feel constrained to hold that there was a fatal variance between the averment, and the proof in the matter of the name of the person whose orders are claimed to have been followed, and that because of such variance it was error to refuse to give written charge 4 requested by the defendant.— *Tennessee Coal, Iron & R. R. Co. v. George,* 161 Ala. 421, 49 South. 681. Plainly the names "Hewell" and "Har-

rell" are not the same nor of the same sound.—*Nutt v. State,* 63 Ala. 180; *Merlette v. State,* 100 Ala. 42, 14 South. 562; *Leath v. State,* 132 Ala. 26, 31 South. 108; 29 Cyc. 276.

Reversed and remanded.

