# Huntsville Knitting Co. v. Butner.

## Injury to Servant.

(Decided November 16, 1916. Rehearing denied January 18, 1917. 73 South. 907.)

1. **Master and Servant; Injury to Servant; Proximate Cause; Complaint.** —Where the action was against the master for injury to servant, a complaint alleging defendant's negligence to be that its superintendent ordered the plaintiff to operate a dangerous ringer machine without informing plaintiff of the danger and without instructing him as to the safest way, but which showed that the injury was caused by plaintiff's foot slipping on the wet floor, was defective in not showing that the injury was caused proximately by the negligence alleged.

2. **Same; Duty to Warn.**—The count alleging that the plaintiff at the time he was injured was engaged in a dangerous employment, was young and inexperienced, and mentally immature, which facts were well known to employee of defendant who had control of the works and of the machine which plaintiff was operating and that the defendant negligently failed to give plaintiff any warning of the danger of his employment or to instruct him as to the safest way of discharging his duties, and that such negligence resulted in his injury when his left arm and hand were caught in the machine which he was operating, is not demurrable as for a failure to show in what manner the failure to warn contributed to plaintiff's injury, or as affirmatively showing that no duty to warn plaintiff as to the safest method of operating the machine rested on the defendant.

3. **Pleading; Special; General Issue.**—Where the action was for injury to a fourteen year old boy alleged to have been immature and inexperienced, the fact that he had sufficient mental capacity to appreciate the danger was provable under the general issue and special pleas setting it up were subject to demurrer on that ground.

4. **Master and Servant; Injury to Servant; Contributory Negligence.**—As answers to counts alleging that plaintiff's injury resulted while he was oper-

[Huntsville Knitting Co. v. Butner.]

ating a dangerous machine, concerning which he had been given no warning by his employer and which was known by the employer to be defective, special pleas setting up that plaintiff had sufficient mental capacity to know or knew or by the exercise of reasonable diligence could have known that it was dangerous to place himself in the position where he was when he was injured, or to place himself in close proximity to moving machinery, or to know the danger of doing the work in any other than a certain way, and that his negligence in placing himself in such a position or in doing the work in an unsafe way resulted in his injuries, were defective and subject to demurrers.

5. **Same; Evidence; Proximate Cause.**—Where plaintiff's evidence was that his injury resulted from the brake slipping and throwing him into the tub while he was operating the brake in a proper manner, shows that the failure to warn of the danger or to instruct in the operation of the machinery was not the proximate cause of the injury under the two counts alleging negligence in a failure to warn plaintiff of the danger and those counts should have been withdrawn.

6. **Appeal and Error; Prejudicial Error; Issues Submitted.**—Where the court erroneously submitted two counts not supported by the evidence the cause must be reversed although there was sufficient evidence to support the verdict on another count which the evidence tended to support and which raised a jury question.

APPEAL from Madison Circuit Court.

Heard before Hon. R. C. BRICKELL.

Action by Mason Butner, by his next friend, against the Huntsville Knitting Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The second count sufficiently appears. The third count is as follows: After stating the relation of plaintiff and defendant, and that defendant operated a wringing machine as a part of its plant, and that plaintiff's left arm and had was caught in said machine, it avers that plaintiff at the time of said injury was engaged in dangerous employment, was young and inexperienced, was mentally and physically immature, and that these facts were well known to one Buford Estes, an employee of defendant, who had control of the work in which plaintiff was engaged, and of the wringer machine which plaintiff was operating in the discharge of his duties at the time of the injuries complained of, and that defendant negligently failed by itself, its servants, agents, or any one else, to give plaintiff any warning of the danger of his employment, or to instruct him as to the safest method of discharging his duties, and plaintiff avers that said negligence, as aforesaid, resulted to the injury of said Butner, as above alleged.

The demurrers raised the point that the count fails to show how and in what manner the failure to warn proximately con-

tributed to the injury, and that it appears affirmatively that no duty rested upon defendant to instruct plaintiff as to the safest method of operating said wringer.

The following are the special pleas referred to: (2) Plaintiff was guilty of negligence, in that he had sufficient mental capacity to know, or knew, or by the exercise of reasonable care could have known, that to place himself in the position where he was when he was injured was dangerous, and would result in injury, and that negligently placing himself in such position resulted in his said injury. (3) Same as 2, except it is added that, knowing said machine was moving, he negligently put himself in said position, thereby causing his injury. (4) Contributory negligence in this: Placing himself in close proximity to certain moving machinery, when he had sufficient mental capacity to know, or knew, or by the exercise of reasonable care and diligence would have known, the probable consequences of his act. (6) Contributory negligence in this: There was a safe way to do the work he was engaged upon when injured; that he had sufficient mental capacity to know, and knew, or by the exercise of reasonable diligence would have known, of the danger of doing the work in any other way than the safe way, and that his injury was caused by his negligent failure to do the same in a safe way. (7) That in doing said work he negligently failed to keep himself in such a position as to avoid the moving parts of the machinery, and that he had sufficient mental capacity to avoid the same, and by the exercise of reasonable care could have avoided the same, and that his injury resulted from his failure to avoid the same.

COOPER & COOPER, for appellant. TAYLOR & WATTS and R. E. SMITH, for appellee.

ANDERSON, C. J.—This case went to the jury upon counts 2, 3, and 5, the other two counts having been charged out of the case by the trial court.

(1) Count 2 is defective, and was subject to the defendant's demurrer. The negligence or breach of duty averred should always be the proximate cause of the injury. Here the negligence charged was that Estes, the superintendent, ordered the plaintiff, a young and inexperienced employee, to operate a dangerous wringer machine, knowing that the same was dangerous and

without informing the said employee of the danger of operating same, and without instructing him as to the safest and best way to do so, yet the cause of the plaintiff's injury is ascribed to the fact that the floor was wet, and caused the plaintiff's foot to slip while he was appying the brake. From aught that appears therefrom, the direct and proximate cause of the plaintiff's injury was the wet floor, which caused the plaintiff's foot to slip while applying the brake, and it was not due to any danger from operating the machine. In other words, whether the machine was or was not a dangerous or complicated one, the injury resulted, not from any ignorance or failure to instruct the plaintiff, but because the floor, which was not an inherent part of the machine, was wet and caused his foot to slip. Nor does the count charge that Estes knew that the floor was wet, or negligently failed to ascertain this fact, or negligently ordered him to go to a place to work which was or could have been dangerous aside from the danger of the machine itself. It charges Estes with ordering the plaintiff to operate a machine, knowing that the operation of same was dangerous, and without warning him of the danger, and without instructing him, but the injury, as averred, was not caused by the dangerous character of the machine and of the plaintiff's ignorance as to the operation of same. "Where two distinct, successive causes, unrelated in operation to some extent contribute to an injury, it is settled that where there is an intervening and direct cause, a prior and remote cause cannot be made the basis for recovery of damages, if such prior cause did no more than furnish the condition, or give rise to the occasion, by which the injury was possible. It seems to be sound in principle and well settled by authority that where it is admitted or found that two distinct, successive causes, unrelated in their operation, conjoin to produce a given injury, one of them must be the proximate, and the other the remote, cause of the injury, and the court, in passing on the facts as found or admitted to exist, must regard the proximate as the efficient and consequent cause."—*Garrett v. L. & N. R. R.*, 196 Ala. 52, 71 South. 685, and cases there cited.

(2) The third count was not subject to the defendant's demurrer.

(3, 4) The special pleas, to which demurrers were sustained, 2, 3, 4, 6, and 7, are bad, such of them as merely deny the ignorance and inexperience of the plaintiff were provable under the

general issue and as special pleas of contributory negligence they are patently defective as answers to counts 2, 3, and 5 of the complaint. True, some of these pleas are similar to some of the special pleas in the case of *Moss v. Mosely*, 148 Ala. 168, 41 South. 1012, but it must be noted that the pleas in that case were not tested by a demurrer, and the sufficiency of same was not passed upon by the court.

(5) As we view this case, it must be reversed, and it is useless to discuss all of the errors insisted upon by appellant's counsel, as the issues can be narrowed upon the next trial. We think that the trial court should have given the general affirmative charge for the defendant as to counts 2 and 3, as they were not supported by the plaintiff's evidence, but properly submitted count 5 to the jury. The immediate and proximate cause of the plaintiff's injury, as made out by his evidence, was that the brake was defective, and after he had shifted the belt on the loose pulley and reached up to put on the brake, the said brake popped and slipped and threw him in the tub, causing his arm to be torn off. There is nothing whatever in the evidence tending to show that the injury was due to a want of experience or knowledge upon the part of plaintiff, as to danger not open and glaring, and to which it was the duty of the defendant's superintendent to have warned and instructed him before putting him to work. Upon either phase of the testimony, plaintiff was at the time over 14 years of age, and there was no proof that he was not as well developed mentally and physically as the average boy of his age. Not only was this the case, but the evidence showed that he had had considerable schooling, as well as experience in cotton mills, and his evidence disclosed by this record shows that he was a boy of considerable intelligence. In addition to this, the evidence shows that he was doing the proper thing to stop the machine when injured, and that he would not have been injured but for the popping and slipping of the brake when he attempted to apply the same, and which threw him in the tub.

(6) The plaintiff was the only eyewitness to the accident, and, according to his testimony, he was entitled to recover, under the fifth count, if the defect, that is, the worn threads, caused the popping and jumping of the brake, as the proof shows that the defendant's superintendent knew of the defect in the brake. The defendant, however, introduced enough evidence to make it a question for the jury as to how the plaintiff was injured, and

[Lampkin v. Rose.]

whether or not the defect in the brake was the proximate cause of same. The defendant did not deny a flaw in the threads of the brake, or a knowledge of same, but its evidence tended to show that said defect, or flaw, did not impair the brake or prevent it from serving its purpose without causing danger. Its evidence also tended to show that the plaintiff was not injured as he testified, that a very short time before the accident he was seen sitting on the side of the wringer with his hand in same, thus exposing himself to a danger which was not only visible, but against which he was then and there warned, and to which warning he replied that he knew what he was doing. This evidence of the defendant was sufficient to create an inference for the jury that the plaintiff was not telling the truth as to just how he was injured and as to the cause of same, and that, while there was a flaw in the brake, the said brake did not pop and slip and throw the plaintiff in the tub, but he was sitting on the side of the wringer and put his hand inside of same.

While there are several exceptions to the rulings upon the evidence, we do not think that the trial court committed reversible error in this respect, though it could have well let the defendant ascertain, upon cross-examination, where the plaintiff was born, as that would afford the defendant with some means of ascertaining the plaintiff's real age, but with all the counts out of the case except 5, we do not see how the exact age of the plaintiff can be material.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.