(83 South. 356)

GULF STATES STEEL CO. v. JONES.

(7 Div. 977.)

(Supreme Court of Alabama.    Oct. 30, 1919.)

1. MASTER AND SERVANT ⬧©⬧264(1)—NECESSI-
TY OF PROOF OF ALLEGATIONS UNDER EM-
PLOYERS' LIABILITY ACT.

Where a complaint based on Employers'
Liability Act, subd. 1, alleges that the inju-
ries were proximately caused by reason of a de-
fect in the condition of the ways, works, ma-
chinery, or plant used in defendant's business,
which defect arose or had not been discovered
owing to negligence of defendant, such allega-
tion is material, and must be proven to enti-
tle plaintiff to a verdict.

2. MASTER AND SERVANT ⬧©⬧107(8) — TEMPO-
RARY SCAFFOLD NOT PART OF "WAYS, WORKS,
MACHINERY, OR PLANT" WITHIN "EMPLOY-
ERS' LIABILITY ACT.

A temporary scaffold, erected by brick ma-
sons to be used by them in constructing a wall,
is not a part of the master's ways, works, ma-
chinery, or plant connected with or used in his
business,    under    Employers'    Liability    Act,
subd. 1.

[Ed. Note.—For other definitions, see Words
and Phrases, Second Series, Ways, Works, Ma-
chinery, or Plant.]

Appeal from Circuit Court, Etowah Coun-
ty;   O. A. Steele, Judge.

Action by T. S. Jones against Gulf States
Steel Company for personal injuries.    Judg-
ment for plaintiff, and defendant appeals.
Reversed and remanded.

Hood & Murphree, of Gadsden, for appel-
lant.    The staging or scaffold which fell and
injured employé was a mere temporary stag-
ing, and not a part of the ways, works, ma-
chinery, or plant of the defendant.    1 Dres-
ser, p. 228, § 46; 2 Dresser, p. 91, § 46; Hol-
land-Blow Stave Co. v. Spencer, 16 Ala. App.
227, 77 South. 65; Tobler v. Pioneer M. & M.
Co., 166 Ala. 482, 52 South. 86; Caldwell-
Watson F. & M. Co. v. Watson, 183 Ala. 326,
62 South. 859; Woodward Iron Co. v. Wade,
192 Ala. 651, 68 South. 1008; Sloss-Sheffield
S. & I. Co. v. Terry, 191 Ala. 476, 67 South.
678; Langhorne v. Simington, 188 Ala. 337,
66 South. 85; Adasken v. Gilbert, 165 Mass.
443, 43 N. E. 199; Brady v. Norcross, 172
Mass. 331, 52 N. E. 528; Callahan v. Phillips
Academy, 180 Mass. 183, 62 N. E. 260; Fee-
ney v. York Mfg. Co., 189 Mass. 336, 75 N.
E. 733; Nichols v. Boston & M. R. Co., 206
Mass. 463, 92 N. E. 711; Thompson v. City of
Worcester, 184 Mass. 354, 68 N. E. 833.

W. A. Denson, of Birmingham, for appel-
lee.    No brief reached the Reporter.

MAYFIELD, J.    This is an action by an
employé against his employer to recover
damages for personal injuries received in

consequence of the falling of a temporary
scaffold or staging on which plaintiff was
standing while working as a brick mason for
the defendant.    Plaintiff was employed, with
others, to erect or construct a brick building
—a warehouse—and as the work progressed,
and the walls were built higher and higher,
the scaffolds on which the brick masons
stood had to be raised or rebuilt to corre-
spond with the height of the walls.    The
character of the work, and the mode of con-
structing and reconstructing the scaffolding
on which the workmen stood, was well de-
scribed by one of the brick masons working
with plaintiff when the scaffold fell.    He
said:

"When we first started the wall we stood on
the ground, and as the wall increased in height
the scaffold was built, and the height of the
scaffold added to as the wall went up.    When
the wall got too high to lay brick on it from
the scaffold, the scaffold would be raised.    First
we put up a foot scaffold and got the wall some-
thing like seven feet, and then we built anoth-
er scaffold.    The foot scaffold was on the
ground, a few brick under it, and when the
wall got higher we raised the scaffold from time
to time as the wall went up, and that progress
continued as the wall increased in height un-
til we finished the wall.    The height of the
scaffold would be increased as required by the
brick masons until the wall was finished."

The complaint contained a number of
counts, but all were eliminated before ver-
dict except count two.    No question is raised
as to those counts or the mode of their elim-
ination.

Count 2 was tested by demurrer, but held
sufficient.    The trial was had on this count
alone, as it was the only one which went to
the jury.    To this count the general issue
and several special pleas were interposed.
The trial resulted in a verdict and judgment
for the plaintiff, and from that judgment de-
fendant prosecutes this appeal.

[1] The important question raised by this
appeal is whether or not the affirmative
charge should have been given for the defend-
ant because of entire failure of proof to estab-
lish some of the material averments of the
second count.    Count 2 was based on subdivi-
sion 1 of the Employers' Liability Act (Code
1907, § 3910).    The allegation in the count
that "plaintiff avers said injuries were proxi-
mately caused by reason of a defect in the
condition of the ways, works, machinery, or
plant connected with or used in the business
of the defendant, which defect arose from, or
had not been discovered or remedied owing
to, the negligence of the defendant, or of some
person in the service of the defendant and in-
trusted by it with the duty of seeing that the
ways, works, machinery, or plant were in-
proper condition," was material, and, of
course, must be proven to entitle plaintiff to a
verdict.

---

⬧©⬧For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] Was the temporary scaffold which fell a part of the defendant's ways, works, machinery, or plant, connected with or used in the business of defendant? We hold not. It was never the object or purpose of this provision of the statute to embrace or include mere temporary structures, used merely in the construction or erection of the master's plant or business. In fact, the language used precludes a construction which would include such structure as a mere temporary scaffold on which workmen stood only while building a brick wall, which wall, when constructed, would become a part of the ways, works, plant, etc. There may be liability of the master for the injury suffered in this case, but it is not possible for the liability to be under the first subdivision of the Employers' Liability Act, because the undisputed evidence shows the temporary platform not to be a part of the master's works, ways, machinery, plant, etc., within the meaning of the statute. A very similar case was before the Court of Appeals in the case of Holland-Blow Stave Co. v. Spencer, 77 South. 65,[1] wherein that court, following the rule declared in the text-books and adjudicated cases, including decisions of this court, said:

"It is quite clear that this temporary scaffold was not a part of the 'ways, works, machinery, or plant' within the purview of the statute. It was altogether lacking in any degree of permanency, a characteristic essential to constitute it a part of the works or plant. ' "Plant," in its ordinary sense, includes whatever apparatus is used by a business man in carrying on his business—not his stock in trade, which he buys or makes for sale, but goods or chattels, fixed or movable, live or dead, which he keeps for permanent employment in his business.' Yarmouth v. France, 19 Q. B. § 645; Eng. Rul. Case, 217; Sloss-Sheffield S. & I. Co. v. Mobley, Adm'r, 139 Ala. 425, 36 South. 181; Huyck v. McNerney, 163 Ala. 244, 50 South. 926; Riddle v. Bessemer Soil Pipe Co., 170 Ala. 559, 54 South. 525; Employers' Liability, Dresser, p. 228, § 46."

While it has been held by this court in the cases cited above, and we do not desire to depart therefrom, that a ladder used by a master in the pursuit of his business as a contractor, engaged in the construction of a building, is a part of such contractor's plant, yet it does not follow that a mere temporary device, intended for use only for the time being, is a part of the plant, "connected with or used in the business of the defendant." The fact that the staging or scaffolding is permanent or temporary makes all the difference—in the one case it is a part of the ways, works, or plant, in the other it is not. This is well pointed out by Mr. Dresser in his valuable work on Employers' Liability. In volume 1, § 46, p. 227, he says:

"It has been noted that buildings in process of construction or destruction are not a part

of the builder's 'works.' The stagings and scaffolds which are erected from time to time are not part of the 'works' unless they are of a permanent nature and used for other purposes than the particular one for which they are built. * * *

"Under the act a temporary staging erected by the workmen themselves for the immediate purpose is not a part of the master's works. Nor would it seem that a staging erected by the master himself for a temporary purpose comes within the act. Where, however, the staging acquires such a degree of permanence that it is a means of carrying on the business, and not merely an incident in the accomplishment of a particular work, it becomes a part of the ways."

Mr. Dresser thus formulates the rule as construing this subdivision of the Employers' Liability Act as to defects, permanent and temporary. He says:

"Defect in condition refers to the permanent or quasi permanent condition of the ways, works, or machinery. An accident or temporary condition does not come within the meaning of the act."

In the case of Lynch v. Allyn, 160 Mass. 248, 35 N. E. 550, the court, construing the first subdivision of the Employers' Liabilities Act, said:

"It seems to us that clause 1 of this section has no application to a case like the one before us, and that the request should have been given. It must be borne in mind that 'the right of an employé to maintain an action under this statute is not identical with his right to maintain an action at common law. It may be greater or it may be less.' Coffee v. New York, New Haven & Hartford R. R., 155 Mass. 21, 22 [28 N. E. 1128]. The language of the section seems to us to point to ways and works of a permanent character, such as are connected with or used in the business of an employer. Hence, in Howe v. Finch, 17 Q. B. D. 187, it was held that the section did not apply to ways or works in process of construction. And in Willetts v. Watt [1892] 2 Q. B. 92, where a workman was injured by falling into a catch-pit in the floor of a workshop, which was generally kept covered, but the cover of which was off at the time of the accident for a temporary purpose, it was held by the Court of Appeal that there could not be said to be a defect in the condition of the way, and Lord Justice Fry said that the language of this section pointed to a defect of a chronic character."

Our Employers' Liability Act, like that of Massachusetts, was largely copied from the English statute, and so it has been construed by the English courts.

This court is committed to the same construction as to the permanent and temporary character of the conditions while the plant is being constructed or repaired and after it is completed. In the case of Sloss-Sheffield

---

[1] 16 Ala. App. 227.

Steel & Iron Co. v. Terry, 191 Ala. 481, 67 South. 680, the court said:

"We may here remark that there was no evidence tending to show a defect in the condition of the ways, works, etc., as, for instance, declared on in count 7. Langhorne v. Simington, 188 Ala. 337, 66 South. 85. Where the condition, from which the injury to the servant is declared to have resulted, was the immediate product of the progress of the work in which the servant was properly engaged, that condition could not have been a defect, within the first subdivision of the statute (section 3910)."

In a later case it was said, quoting from a former case:

"This doctrine has been sanctioned by this court. Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 506, 52 South. 86, 95. In that case we said: 'The duty which originally rests upon the master to furnish safe ways, works, and machinery for the time being, and for the purpose of construction or repairing, is suspended. It would be unreasonable to hold the master to the same degree of strictness, while he is constructing his plant, or repairing the ways, works, or machinery, as is required of him after he has constructed, or after the repairs have been completed and the plant is in operation.'" Woodward Iron Co. v. Wade, 192 Ala. 651, 68 South. 1008.

It follows that the general affirmative charge should have been given as to the second count, the only one which went to the jury.

As the case must be reversed on this account, the other questions need not be decided. If there was any actionable negligence shown in this case, it was the negligence of the servant intrusted with the duty of building the temporary scaffold, and not that relied upon in the second count.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.