## LAURA LARSON AND ANOTHER v. STEVEN A. TRAGESER.[1]

October 28, 1921.

No. 22,340.

**Workmen's Compensation Act — relation of employer and employe.**
> 1. Section 8205 of the Workmen's Compensation Act (G. S. 1913) creates a definite and fixed status of employer and employe with reference to the act, not a mere rebuttable presumption of evidence, and provides a method by which either may avoid the same.

**Relation can be avoided.**
> 2. The method so prescribed for avoiding the status thus created, and keeping without the act, is exclusive of all others and must be in writing as there required.

**Parol understanding inadmissible.**
> 3. Evidence of a parol agreement or understanding between the employer and employe that either or both should be excluded from the act and not bound thereby, is inadmissible, because not the form of exclusion permitted by the act.

Upon the relation of Steven A. Trageser the supreme court granted its writ of certiorari directed to the district court for Lyon county and the Honorable I. M. Olsen, judge thereof, to review the proceedings in that court under the Workmen's Compensation Act brought by de-

[1]Reported in 184 N. W. 833.

pendent minor children of Christ N. Larson, employe, against relator, as employer. Affirmed.

*James H. Hall,* for plaintiffs.

*Mathews & Mathews,* for defendant relator.

BROWN, C. J.

Certiorari to review a judgment in proceedings under the Workmen's Compensation Act.

The facts are not in dispute. Christ N. Larson was in the employ of defendant at his gasolene filling station, located in the village of Cottonwood, this state, and while engaged in the work of his employment was instantly killed by the explosion of a gasolene tank situated on the premises. He left surviving as his next of kin two minor daughters who were dependent upon him for support. The proceeding was instituted in their behalf to recover the compensation given by the statute in such cases. The sole defense interposed at the trial below was that the decedent was not within the protection of the compensation act, therefore that no recovery could be had. In support of the defense defendant offered to show a parol understanding between defendant and decedent that the compensation act should not apply to decedent under the employment; that decedent, at the time the contract of employment was entered into, expressly declared that it was against his religion to accept insurance or indemnity of the kind and would not enter defendant's services if the statute applied. The evidence so offered further shows an acquiescence in decedent's position, and the acceptance of his services on the conditions imposed. There was no writing of any kind expressing that understanding, or other compliance with the pertinent provisions of the statute on the subject. The trial court rejected the evidence to which exception was noted.

In our view of the question the ruling of the learned trial court was right. Section 8205, G. S. 1913, the section of the compensation act relating to and dealing with the subject, is definite and specific as to what employers and employes shall be bound by the act, and includes all contracts of employment entered into subsequent to the enactment of the statute. It declares that all contracts of employment thereafter

made shall be presumed to have been made with reference and subject to the provisions of part 2 of the act, unless otherwise expressly stated in the contract, in writing, or unless written or printed notice is given by either party to the other as therein provided that he does not accept the provisions of the act. The pertinent provisions as relating to the employe who desires to keep without the act, where he is not excluded by a written contract of employment are as follows:

"The employe shall give written or printed notice to the employer of his election not to be bound by part 2, and file a duplicate with proof of service attached thereto with the labor commissioner."

These provisions make it clear that the legislature intended to establish one definite and certain method of removing either employer or employe from the act, or indicating a purpose or intention not to be bound thereby, and the requirement that the intention be expressed in writing must be construed, in furtherance of the legislative intent, as furnishing the exclusive method of accomplishing that end. The contention of counsel for defendant, urged with much ingenuity, that the statute merely creates a presumption applicable to all employes and employers, not expressly excepted, subject to rebuttal and to be overcome by the ordinary methods of proof, is out of harmony with the purpose of the law and cannot be sustained. To permit a parol exclusion or withdrawal by employer or employe, would be destructive of the act, open the door to untold litigation involving parol controversies as to its application, and throw the administration thereof and of the rights of parties thereunder into confusion; conditions and situations it was the manifest purpose of the legislature to guard against and prevent by requiring all elections not to be bound by the act to be in writing. We so construe and apply the statute.

The case of Thorpe v. Pennock Mercantile Co. 99 Minn. 22, 108 N. W. 940, 9 Ann. Cas. 229, is not in point. There a rebuttal presumption of fact was involved, with no statute, as in the case at bar declaring in what manner or form it might be overcome. Here the statute creates and presumes a particular status of employer and employe with reference to the compensation act and declares a definite method of withdrawing therefrom. In that situation the statutory remedy is exclusive.

City of Faribault v. Misener, 20 Minn. 347 (396) ; Abel v. City of Minneapolis, 68 Minn. 89, 70 N. W. 851.

This view is supported by the general rules of law on the subject and expressly by the decision in Dusha v. Virginia & Rainy Lake Co. 145 Minn. 171, 176 N. W. 482. There the statute prohibited the employment of children under 16 years of age in dangerous employments, and imposed a penalty for a violation thereof, with the express exception that the employer should not be deemed to have violated the statute, though he in fact may have employed a child under age, if he obtained and kept on file an affidavit of the parent or guardian to the effect that the child when employed was not under the prohibited age. It was there held that the affidavit was the exclusive defense to the charge of a violation of the statute, and that parol declarations of the parents that the child was over 16 were inadmissible. The rule no doubt would be different in the absence of a specific statute prescribing a definite method of relief.

Judgment affirmed.