7 So.2d 859

### BELCHER v. CHAPMAN.

### 6 Div. 911.

Supreme Court of Alabama.

April 9, 1942.

Rehearing Denied May 14, 1942.

Smith, Jackson & Rives, of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

BROWN, Justice.

This is an action by the appellee against the appellant under the Employer's Liability Act, Code 1940, Tit. 26, §§ 326–329. The complaint consists of four counts, numbered consecutively from "one" to "four" each averring that on November 22, 1939, the defendant was engaged in the lumber business, "including the felling and cutting of timber in the State of Alabama, including operations at or near to-wit, Adger, Alabama, and on said date plaintiff was in the service of defendant in the capacity of to-wit: Woodsman, and * * * while he was engaged in the discharge of his duties as such employee a falling tree fell upon or against the plaintiff, and as a proximate consequence thereof the plaintiff was permanently and seriously injured. * * *

"That heretofore to-wit, *on June 6th, 1935, and more than 30 days prior to the time plaintiff was injured as herein averred defendant had elected not to accept or be bound by the provisions of the Alabama Workmen's Compensation act * * * and had signified his said election and intention not to accept or be bound by said act, as provided by law.*" [Italics supplied.]

The first count drawn under subdivision two (section 326)—the superintendence clause—avers: "Plaintiff avers that his said wounds and injuries and damages were the proximate consequence of and caused by reason of the negligence of a certain person whose name is otherwise unknown to the plaintiff, who was in the service or employment of defendant and who had superintendence entrusted to him, while in the exercise of such superintendence, and *that said negligence consisted in this: the said person negligently caused the cutting and felling of said tree which struck the plaintiff to be done without taking the ordinary and reasonable precautions to cut and fell said tree in a safe manner, and negligently caused the cutting and felling of said tree to be done in such a way as that it would fall away from its proper course, and did fall and strike the plaintiff as aforesaid.*" [Italics supplied.]

The second count, under subdivision one of the act, avers: "Plaintiff avers that his said wounds and injuries and damage were received as a proximate consequence of a defect in the condition of the works, ways, machinery or plant connected with or used in the business of defendant which defect arose from, or had not been corrected or discovered owing to, *the negligence of defendant, or some person in the service of defendant, and entrusted with the duty of seeing that the ways, works, machinery, etc. were in proper condition in this: that the said instrumentalities employed by and for the defendant in the cutting of said tree were defective.* [Italics supplied.]

The third count framed under subsection three avers: "Plaintiff avers that he received his said injuries and damage as the proximate consequence of the negligence of a certain person, whose name is not otherwise known to the plaintiff at this time, in the service or employment of the defendant, to whose orders or direction the plaintiff at the time of the injury was to conform, and did conform, and that the plaintiff suffered said injuries and damage from his having so conformed, in this: that the said employee of the defendant to whose orders or directions the plaintiff was bound to conform caused said tree to be cut and felled, and caused *the plaintiff to be or remain in dangerous proximity to said tree, all in such a way that when said tree toppled and fell from the stump after having been cut, that the* tree would be likely to and did fall outside of its proper course and strike the plaintiff inflicting the injuries and damage claimed herein.*" [Italics supplied.]

The fourth count was withdrawn from the consideration of the jury at plaintiff's request.

The appellant insists that the averments of the several counts of the complaint designed to take the case out of the influence of the Workmen's Compensation Act, Code 1940, Tit. 26, §§ 253–325, italicized above, for the reason that it is *not* averred that the defendant posted and kept posted in a conspicuous place in his factory, shop or place of business, where the employee is employed, a written or printed notice of his election not to accept or be bound by the Workmen's Compensation Act, or that he personally served a copy of such notice on the employee, and filed a duplication or copy of such notice with the Probate Judge of the county in which the employee is performing service under such employment, were not sufficient to rebut the presumption that the employment of plaintiff was under the influence of the Workmen's Compensation Act.

The Alabama Workmen's Compensation Act, a legislative adoption of the Minnesota

law, follows literally the provision of the Minnesota act in requiring the notice to be "written or printed." Act No. 29, amending § 7547 of the Code of 1923, Acts Extra Session 1936, p. 9; Code of 1940, Title 26, § 274; Larson v. Steven A. Trageser, 150 Minn. 182, 184 N.W. 833, 834.

In the Minnesota case cited above, the court, after quoting from the Minnesota act the provision that "The employé shall give written or printed notice to the employer of his election not to be bound by part 2 and file a duplicate with proof of service attached thereto with the labor commissioner," observed: "These provisions make it clear that the Legislature intended to establish one definite and certain method of removing either employer or employé from the act, or indicating a purpose or intention not to be bound thereby, and the requirement that the intention be expressed in writing must be construed, in furtherance of the legislative intent, as furnishing the exclusive method of accomplishing that end. * * * To permit a parol exclusion or withdrawal by employer or employé, would be destructive of the act, open the door to untold litigation involving parol controversies as to its application, and throw the administration thereof and of the rights of parties thereunder into confusion; conditions and situation it was the manifest purpose of the Legislature to guard against and prevent by requiring all elections not to be bound by the act to be in writing. We so construe and apply the statute." Larson v. Steven A. Trageser, supra.

That case was decided in 1921, after the adoption of our act, but before the amendment of 1936.

■ The fact that rebuts the presumption that a contract of employment is within and governed by the Workmen's Compensation Act is an election not to accept or be bound by the act in the manner provided by the statute, that is by posting and keeping posted, by the employer, "in a conspicuous place in his factory, shop or place of business, where the employee is employed, a written or printed notice of his election not to accept or be bound by the provisions of this article," or personally serving a copy of such notice on the employee. Code of 1940, Title 26, § 274.

■ The legislative intent in requiring the employer to file a duplicate or copy with the Probate Judge of the county in which the employee is performing service under

such employment, and to immediately mail a copy of such notice, after it has been recorded, to the department of industrial relations, is to preserve evidence of such election, and is directory merely. Therefore the failure of the employer to file such duplicate or copy, or of the Probate Judge to record and mail a copy, is not essential to the completeness of the election. Piatt et al. v. Swift & Co., 188 Mo.App. 584, 176 S.W. 434.

■ We are therefore of opinion that grounds 10, 12, 13 and 14 of the demurrer addressed to each of said counts, separately, were well taken, and the court erred in overruling the demurrer.

We are not of opinion, however, that the judgment should be reversed for the error in overruling the demurrer. The evidence is without dispute that the defendant manifested his election not to be bound by part 2 of the Workmen's Compensation Act by posting written or printed notice thereof in his place of business in Jefferson County, and filed a copy thereof with the Probate Judge of Jefferson County, the county in which his business was located, and in connection with which plaintiff was employed and performed his work, if in fact he was an employee of the defendant, and the court in the oral charge to the jury charged the jury that the employment was conclusively presumed to be under the Workmen's Compensation Act, in the absence of an election by the defendant manifested by posting written or printed notice in his place of business as required by the statute. Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann.Cas.1917D, 929; Pruett et al. v. Commercial Nat. Bank of Anniston et al., 230 Ala. 225, 160 So. 540.

What we have said also disposes of the insistence, adversely to appellant, that the court committed error in overruling the defendant's motion "to transfer the case to the Workmen's Compensation Docket." Appellant's Brief, p. 41.

The appellant insists that he was due the general affirmative charge: First because the plaintiff had failed to meet and overturn the presumption that the contract of employment was under and governed by the Workmen's Compensation Act. That contention is disposed of by the holding that the evidence shows without dispute that the defendant had elected not to be bound by part two, of the Workmen's Compensation Act.

■ The next contention is that J. W. Smith, under whom the plaintiff worked, was an independent contractor, and not an employee of defendant.

The question of whether Smith was a contractor or an employee, was under the evidence in this case a question for the jury. The written contract offered evidence tending to show the relation of contractor and contractee did not preclude the plaintiff, not a party thereto, from showing that the relation was that of employer and employee, and there was ample evidence before the jury to sustain their verdict on this point.

■ The next contention is that the plaintiff's negligence was the sole cause of his hurt; that there was and is an absence of evidence showing or tending to show negligence on the part of the defendant or of Smith, even though the jury were warranted in finding that Smith was the defendant's superintendent in charge of the work of cutting the trees and converting them into logs.

Whether or not the plaintiff was guilty of negligence was not an issue in the case. The defendant, by electing not to come under or be bound by part two of the Workmen's Compensation Act, lost the right to plead in defense of an action under the common law or the Employer's Liability Act, negligence on the part of the plaintiff, not wilful; contributory negligence and assumption of risk as a defense. Code of 1940, Title 26, §§ 254, 255; Sloss-Sheffield Steel & Iron Co. v. Nations, 236 Ala. 571, 183 So. 871, 119 A.L.R. 1403.

■ It is familiar law that where a servant or agent has been entrusted by the master with superintendence of work and other employees engaged in the work, it is negligence for such superintendent to create or allow such conditions of things to exist in respect to such work and the men under him, as will render an accident probable through the means, even of an intervening agency, which due care on his part might have foreseen. Sloss-Sheffield Steel & Iron Co. v. Green, 159 Ala. 178, 49 So. 301; Tennessee Coal, Iron & R. R. Co. v. George, 161 Ala. 421, 49 So. 681; Dresser's Employment Liability, page 290, § 63; Crowley v. Cutting, 165 Mass. 436, 43 N.E. 197; Going, pro. ami, v. Alabama Steel & Wire Co., 141 Ala. 537, 37 So. 784.

■ So, also, it is the common law duty of the master to supply for the use of the servant, and keep "in proper condition tools, implements and appliances necessary and reasonably adequate" to carry on the master's business, and that such duty is non-delegable, and tools, implements and appliances so furnished for general or permanent use are part of the plant, within the meaning of subdivision 1 of the Employer's Liability Act Code 1940, Tit. 26, § 326, Sloss-Sheffield Steel & Iron Co. v. Mobley, Adm'x, 139 Ala. 425, 36 So. 181; Gulf States Steel Co. v. Jones, 203 Ala. 450, 83 So. 356, 23 A.L.R. 702; Standard Cooperage Co. v. Dearman, 204 Ala. 553, 86 So. 537; Tennessee Coal, Iron & R. R. Co. v. Wiggins, 198 Ala. 346, 73 So. 516; Huyck v. McNerney, 163 Ala. 244, 50 So. 926.

■ There was evidence going to show that the wedges furnished by the defendant were too short and blunt for use in wedging the tree so as to relieve the pinch on the saw and control or influence the fall of the tree which plaintiff and his co-worker were engaged in cutting, and that the double blade ax which had no driving surface was not suitable for use in accomplishing the work; that it was Smith's duty to look after and supply the woodsmen with suitable and reasonably adequate tools, including wedges; that the plaintiff called Smith's attention to the defect in or inadequacy of the wedges and he promised to furnish others. There was also evidence tending to show that the woodsmen selected their tools and that ample wedge-wood was on hand at the camp or plant, obtainable by the woodsmen out of which some of them made their own wedges. This evidence presented a question for the jury under count two of the complaint. The general affirmative charge and the affirmative charge as to said count were refused without error.

■ The averments constituting the gravamen of the third count of the complaint, averring the quo modo of the negligence, are italicized above in the statement of the substance of the several counts of the complaint.

There was a failure to prove the substance of said count. The employee Smith referred to was not present but had gone over on the other side of the ridge where he was engaged in work with another woodsman, and plaintiff, himself an experienced woodsman, was at liberty to select the method of cutting the tree and the place where he would be and remain while the

tree was falling. The court therefore erred in refusing the defendant's written requested affirmative charge as to said count. For this error. the judgment must be reversed. Melton v. E. E. Jackson Lumber Co., 133 Ala. 580, 31 So. 848; Huntsville Knitting Co. v. Butner, 198 Ala. 528, 73 So. 907; Corona Coal Co. v. Davis, 208 Ala. 358, 94 So. 532; Langhorne et al. v. Simington, 188 Ala. 337, 66 So. 85.

■ The testimony going to show that Smith gave instructions to cut said tree so that it would fall on the logged tree, and dislodge it, and to saw through so that no snags or splints would be left on the stump, was relevant as shedding light on the issues presented by counts one and two of the complaint.

Inasmuch as the judgment must be reversed for the error noted, and the other questions argued may not arise on another trial, we forego their consideration.

Reversed and remanded.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.