I concur in the result. In contrast with the earlier legislative attempts to extend employer immunity to co-employees (Act No. 86, 4th Ex.Sess., § 10, Acts of Ala. 1975, p. 2748, held unconstitutional in Grantham v. Denke,359 So.2d 785 (Ala. 1978)), Act No. 85-41, 2d Ex.Sess., Acts of Ala. 1984-85 (Ala. Code 1975, § 25-5-11), meets the Grantham
standard by increasing employee benefits, lengthening the statute of limitations, and preserving the cause of action for willful injury. The compromise wrought by the competing interests in the legislative process provides the quid pro quo essential to the mandate of our Constitution's § 13 as set out in Grantham, supra, and as refined by Justice Shores in her concurring opinion in Fireman's Fund American Insurance Co.v. Coleman, 394 So.2d 334 (Ala. 1980). (See also my own special concurrence in Fireman's Fund.)
Respectfully and deferentially, I take issue with certain aspects of the rationale of the majority opinion. At the outset, it should be noted that the constitutionality of the Workmen's Compensation Act, apart from the amendment (Act No. 85-41), is not challenged by this appeal. Yet, the opinion, in one of its major aspects, proceeds on the premise that the ground for rejecting the constitutional challenge of the original enactment (i.e., the right of the affected parties to elect not to be covered) also is the ground for holding the challenged amendment constitutional.
It is true, of course, that courts, faced with employers' constitutional attacks, emphasized the doctrine of "election" — a doctrine built into the earlier enactments either by way of amendment or by way of reenactment, and built into Alabama's original enactment in 1919. It was the absence of this "contractual" concept from the original enactments that resulted in several successful employer challenges to workmen's compensation acts. The inclusion of "opt out" provisions in subsequent enactments turned the courts around and brought a halt to constitutional attacks with respect to statutory schemes of compensation as between employer and employee.
This history of such acts generally in regard to their constitutional validity, however, furnishes no support for a holding that Act No. 85-41 is constitutional. For reasons not readily apparent, the Alabama Legislature in 1973 amended Alabama Code 1940, Title 26, § 273 (now § 25-5-54), to remove all references to "election" — leaving only a "presumption" of coverage *Page 122 
— and repealed Title 26, §§ 274, 275, and 276, relating to "opt out" procedures.[1]
Therefore, the majority's reliance on "election" (more accurately, the right to opt out of coverage) — the basis of earlier opinions upholding the Act — is not only unavailable as a constitutional underpinning of Act No. 85-41, but (unwittingly, to be sure) it also impugns the constitutional validity of the entire act.[2] If "election" is an essential factor in sustaining the constitutionality of Act No. 85-41-a conclusion drawn from earlier cases holding the Workmen's Compensation Act itself to be constitutional — then the absence of "election" tips the lead domino and the entire act falls. I must conclude, then, either that the majority does not recognize the legislative repeal of the right to elect into or out of Alabama's workmen's compensation scheme, or that it replaces the "election" doctrine by judicial reengraftment.
[1] This "concurring in the result" opinion was distributed to each of the Justices well in advance of the release date of the Court's opinion. To be sure, after the receipt of my draft opinion, the majority opinion was revised to include footnote 7 (based upon the presumption that the plaintiff employee has the "right to elect"). It is indeed unfortunate that all members of this Court cannot agree upon an objective, indisputable fact — that § 25-5-54 no longer contains the "right to elect" provisions that were part of the Workmen's Compensation Act from its inception until the 1973 amendment. Thus, for no apparent reason (the "right to elect" is not even an issue in this case), the majority persists in perpetuating the dictum inPipkin v. Southern Electric Pipefitting Co., 358 So.2d 1015
(Ala. 1978) (where the "right to elect" also was not an issue). The Pipkin dictum referred only to the repeal of the procedural provisions of §§ 274, 275, and 276, and overlooked the amendment to § 273, which removed any reference to the right of election not to be covered.
[2] It is preposterous to suggest at this late date thatconstitutionality of either the original Workmen's Compensation Act or the subject amendment rests upon the right of the employee to elect not to be covered by the act. Notwithstanding the weight earlier given by the courts to this contractual
doctrine in holding the workmen's compensation acts constitutional, over a half century of experience has shown that the "right to elect," at least from the employee's standpoint, was never more than an empty, impractical legal fiction. Indeed, I have found no reported Alabama cases in which an employee has successfully exercised the right to opt out of the act's coverage, and only one in which the employer (to its dismay) was held to have effectively elected not to be covered. Belcher v. Chapman, 242 Ala. 653, 7 So.2d 859 (1942).