(112 So. 830)

**RILEY v. CHANCEY BROS.   (4 Div. 308.)**

Supreme Court of Alabama.   May 12, 1927.

1. **Master and servant** ☞107(8)—**Temporary contrivance for digging well held not part of "ways, works, machinery, or plant," within Employers' Liability Act (Code 1923, § 7598).**

Windlass supported on one end by tree at brink of well, a temporary contrivance for digging well, which caused earth to become loose and fall in upon employee, was not part of "ways, works machinery, or plant," within meaning of Employers' Liability Act (Code 1923, § 7598), providing for compensation when injury is caused by reason of any defect in condition of ways, works, machinery, or plant connected with or used in business of employer.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Ways, Works, Machinery, or Plant.]

2. **Master and servant** ☞258(10)—**Count held to disclose lack of permanency of contrivance causing injury which took it without Employers' Liability Act (Code 1923, § 7598).**

Count in suit for damages for employee's death held to disclose on its face lack of permanency of contrivance causing death which took it without Employers' Liability Act (Code 1923, § 7598), even though complaint alleged by way of conclusion that "windlass, crank, and supports or braces were part of ways, works, machinery, or plant of defendants."

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action for damages by Belle Riley, as administratrix of the estate of Comer Riley, deceased, against W. S. and J. A. Chancey, partners doing business as Chancey Bros., and individually. Plaintiff takes a nonsuit and appeals from adverse rulings on pleading. Affirmed.

E. C. Boswell, of Geneva, for appellant.

The averments of the complaint set forth a complete cause of action under the statute, and demurrer was erroneously sustained. Code 1923, § 7598 (1); Southern C. & F. Co. v. Jennings, 137 Ala. 247, 34 So. 1002; L. & N. v. Hawkins, 92 Ala. 241, 9 So. 271; M. & O. R. Co. v. George, 94 Ala. 199, 10 So. 145; E. T., V. & G. v. Watson, 90 Ala. 41, 7 So. 813; Conrad v. Gray, 109 Ala. 133, 19 So. 398; Ala. C., C. & I. Co. v. Hammond, 156 Ala. 253, 47 So. 249; Southern C. O. Co. v. Walker, 164 Ala. 33, 51 So. 169; Sloss Co. v. Dobbs, 187 Ala. 452, 65 So. 360; Sloss Co. v. Terry, 191 Ala. 476, 67 So. 678; Standard Coop. Co. v. Dearman, 204 Ala. 553, 86 So. 537; Republic I. & S. Co. v. Smith, 204 Ala. 607, 86 So. 908; Shelby Iron Co. v. Bean, 208 Ala. 264, 93 So. 906.

Mulkey & Mulkey, of Geneva, for appellees.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The well could not become a part of the plant of defendants until completed. The windlass used to remove the dirt was temporary in character. The negligence alleged does not show liability under the Employers' Liability Act. Corona Coal Co. v. Davis, 208 Ala. 358, 94 So. 532; Gulf States Steel Co. v. Jones, 203 Ala. 450, 83 So. 356, 23 A. L. R. 702; Woodward Iron Co. v. Wade, 192 Ala. 651, 68 So. 1008; Sloss Co. v. Terry, 191 Ala. 481, 67 So. 678.

SAYRE, J. As appears in the complaint, appellant's intestate was digging a well for appellees when the earth fell in upon him, causing his death. Appellant's effort was to state a cause of action under the first subdivision of section 7598 of the Code, the Employers' Liability Act. Her case is conceived to have been most strongly stated in count D of the complaint, and we may confine our observations to that count.

The subdivision employs this language:

"When the injury is caused by reason of any defect in the condition of the ways, works, machinery, or plant connected with, or used in the business of the master or employer."

Describing the defect which brought about the death of intestate, the count speaks thus:

"The dirt, mud or earth from said well was hauled up out of said well by means of a windlass and crank with a rope and pulley, that said windlass and crank was supported on one end by means of a brace or braces, and was supported on the other end by a pine tree standing at or near the brink of said well; that said windlass, crank, and supports or braces were a part of the ways, works, machinery, or plant of the defendants, and that said windlass, crank, supports, or braces were defective, in that one of the supports or braces was a pine tree growing on the brink of said well with its roots extending down into the earth on the edge of said well for several feet, and that the vibration of said windlass so attached to or connected with said tree, as the earth, dirt, or mud was hauled up out of said well, caused the earth around and about the roots of said tree to become loose and fall in upon plaintiff's intestate."

Demurrer to the complaint and its several counts was sustained, whereupon plaintiff took a nonsuit and has appealed, as provided by section 6431 of the Code.

[1, 2] Of course, the windlass, including the supports for the horizontal beam or barrel around which the hoisting rope was wound, was a temporary contrivance designed for use in digging the well, no less so because the contriver made use of the tree standing on the brink of the well being dug for use in connection with the business of defendants. The contrivance may have been unfit for the purpose for which it was used, but that does not imply liability under the statute unless it was a part of the ways, works, machinery, or plant connected with or used in the business of defendant. The well was intended so to be used, but it was incomplete. It was still nothing but a hole in the ground, unsuited, as we may reasonably assume, for any use in connection with defendant's business. The windlass and the well were but parts of a temporary structure—if we may speak of a well as a structure—and it follows from the interpretation of the statute which has prevailed here and elsewhere that the windlass was not any part of the way, works, machinery, or plant connected with or used in the business of defendant. The count on its face discloses that lack of permanency in the contrivance complained of which takes it without the statute. Gulf States Steel Co. v. Jones, 203 Ala. 450, 83 So. 356, 23 A. L. R. 702; Corona Coal Co. v. Davis, 208 Ala. 358, 94 So. 532; Woodward Iron Co. v. Wade, 192 Ala. 651, 68 So. 1008. The complaint alleges by way of conclusion that the "windlass, crank, and supports or braces were, a part of the ways, works, machinery, or plant of the defendants," and that allegation, standing alone, would suffice under some of the earlier authorities to bring appellant's case under the statute; but the further and more particular facts shown by the complaint disclose the lack of permanency in the arrangement for the digging of the well and serve to bring the case under the influence of the authorities last cited.

Judgment affirmed.

GARDNER, BOULDIN, and BROWN, JJ., concur.