WILLIAM A. JENKINS *v.* WILLIAM N. WILKERSON ET AL.

PRACTICE.  *Judgment by default final.  Writ of inquiry.  Code* 1892, § 749.

. A judgment by default final should not be rendered under code 1892, § 749, in case plaintiff is entitled to the proceeds of property, and there is nothing of record but the averments of the declaration to show the sum thereof.  In such case a writ of inquiry should be awarded.

FROM the circuit court of Bolivar county.

HON. F. A. MONTGOMERY, Judge.

Wilkerson *et al.*, appellees, were plaintiffs in the court below, and Jenkins, appellant, was defendant there.   The declaration contained four counts; the first one was predicated of the Tennessee chancery decree mentioned in the opinion, it being averred in this count that the proceeds of the cotton, the subject-matter of the Tennessee suit, amounted to $2,197.56, and that the same had been received by Jenkins, the defendant. The other counts of the declaration were, respectively, for work and labor done, goods, wares and merchandise sold and delivered, and money had and received.   A transcript of the Tennessee decree was the only writing filed with the declaration.

At the November term, 1896, of the court below, sixty days were allowed defendant, Jenkins, to plead, but he failed to do so, and, at the November term, 1897, he appeared in court and asked leave to plead at that time, which request was denied, and judgment final rendered against him for the amount demanded in the declaration.   Jenkins moved for a new trial, on the ground that there was no proof as to the value of the cotton in the hands of Shoemaker & Co., nor any inquiry by a jury in regard to the matter.

*John W. Cutrer*, for appellant.

There were no accounts, copies of accounts, writing, copies of writings or bills of particulars filed with the declaration, and the court erred in entering final judgment upon default of defendant. The court was in error in entering judgment in the cause without directing the issuance and return of a writ of inquiry, and without the execution and due return of such a writ. The statute provides that, in all actions founded on accounts or instruments of writing, the plaintiff shall file a copy of the account or writing with his declaration, otherwise, no evidence thereof shall be given, nor shall the same constitute a part of the record of the cause. Code 1892, § 676. In order that the court may know that the paper is filed with the pleadings, it must be identified by reference to it, and making it an exhibit to the pleading. *Hiat* v. *Gobet*, 18 Ind., 494; *Peru Bridge Co.* v. *Hendricks*, 18 *Ib.*, 11; *Price* v. *Grand Rapids R. R. Co.*, 13 Ind., 58; *Peoria Ins. Co.* v. *Walser*, 22 Ind., 81 (37 Ind., 281); 8 Enc. Plead. & Prac., pp. 740–742. This was not done, and it is manifest the statute was not complied with, and the court not authorized to proceed at all, nor to render any judgment in favor of appellees. It will be borne in mind that the action instituted by appellees is one of trespass on the case, in which a bill of particulars is requisite. *Soria* v. *Planters' Bank*, 3 How., 46; *Pipes* v. *Norton*, 47 Miss., 61; *Chicago R. R. Co.* v. *Provine*, 61 Miss., 288.

The filing of the alleged copy of the Tennessee decree does not answer the demands of the statute. A judgment is not a written instrument or a writing, within the meaning of the statute, which requires a copy to be filed with the declaration. The writing contemplated by the statute is one which contains some agreement, prepared as a memorial of what has taken place or been agreed upon. It includes conveyances, leases, mortgages, bills, bonds, promissory notes, wills, etc. Bouvier's Law Dictionary. Judgments are writings, but they are not

writings within the meaning of the statute named. See " Instruments," 11 Am. & Eng. Enc. L., 275. Neither is an attachment such a writing. *Lytle* v. *Lytle*, 37 Ind., 281; *Wilson* v. *Vance*, 55 Ind., 584; *Morrison* v. *Tishel*, 64 Ind., 177; *Hoag* v. *Howard*, 55 Cal., 564. Where the action is brought on a judgment, after default, there must be a writ of inquiry to determine the amount of interest recoverable by way of damages. 5 Am. & Eng. Enc. L., 496; *Fretwell* v. *Dinsmore*, 1 Walker, 484.

*Moore & Clark* and *Alexander & Alexander*, for appellees.

Writings filed with a declaration are not required to be referred to therein, or to be marked as exhibits, but only to be " annexed to or filed with " the declaration. Code 1892, §§ 676, 677.

A writ of inquiry was unnecessary; none was demanded. The office of a writ of inquiry is to ascertain plaintiff's damages. It is never necessary, when the demand is for a sum certain, or to be made certain by simple calculation. Appellant invokes a very strained and technical construction of § 749, code 1892, and says that a judgment is not " an instrument of writing showing the sum due," and that there was not a judgment " by default." To this we reply that a judgment is an instrument of writing within the intendment of the statute. Nothing could be more certain, in the way of a demand, than a judgment which has adjudicated the amount due. Surely, if a writing evidencing an indebtedness consisting of very many items, is within the statute, a judgment on such demand, which reduces into one item, and makes certain that item, is, *a fortiori*, within the statute. A judgment *nil dicit* is a judgment by default. 6 Enc. Plead. & Prac., 79, 80. A writ of inquiry is never necessary unless the amount demanded is uncertain. 10 Enc. Plead. & Prac., 1149. A writ of inquiry is never necessary where the amount is certain, and no discretion is lodged anywhere, as to the amount to be awarded. *Bullard* v. *Sherman*, 85 N. Y., 256.

In the next place, the writ of inquiry, if necessary, was waived in this case. Although defendant was not allowed to plead, the matter was shown in his so-called showing of merit. He was yet in court; what was done was in his presence; he had opportunity to demand a writ of inquiry, but did not do so. The right to a writ of inquiry is waived unless demanded. 10 Enc. Plead. & Prac., 1152, and cases there cited; also, sec. 1090, and cases cited.

The whole tendency of our legislation and courts is to cut loose from old and useless forms and practices. What possible good could have come from a writ of inquiry ? If it had not resulted in a judgment for the exact amount of the Tennessee decree, with interest, it would have been immediately set aside. The jury had no sort of discretion. It would have resulted only in a jury tax and additional costs, and, according to our well-settled rules, no judgment will be reversed where it is manifest that a different result would not be possible. The courts will not do a vain thing. Most courts are, like ours, cutting loose from old forms; but a few still hold back, and the industry of counsel has explored and invoked the utterances of these laggards.

Finally, we say that if a writ of inquiry was proper, and its omission an irregularity, it is cured by the statute of jeofails. Code 1892, § 746. The last clause makes the statute applicable to judgments by default. 6 Enc. Plead. & Prac., sec. 125; *Young* v. *R. R. Co.*, 38 N. J. L., 504. Our statute of jeofails is especially applicable to cases of informality in entering judgments. Code 1892, § 764.

WOODS, C. J., delivered the opinion of the court.

The decree of the chancery court of Shelby county, Tennessee, filed with the declaration, by which Wilkerson & Co. were declared to be the owners in their individual right of the seventy bales of cotton, then said by said decree to be in the hands of Shoemaker & Co., and entitled to the cotton or its proceeds, freed from all claim thereto by the appellant, was not, and is

not, a decree against appellant for the cotton or its proceeds. When that decree was rendered it seems not to have been known to the court or counsel for appellees that the proceeds of the cotton had been paid over to appellant by Shoemaker & Co., who were not parties to the proceeding in said chancery court. The appellees were clearly entitled to recover the amount of the proceeds derived from the sale of this cotton, then in appellant's hands, but no open account or other bill of particulars was filed either under the first count of the declaration, based upon the Tennessee court's decree, or under the count of the declaration for money had and received. Except the statement in the first count of the declaration, there is nothing to show what the amount of the proceeds of the cotton was, nor at what time appellant became chargeable with interest thereon.

Under section 749, code of 1892, a writ of inquiry should have been awarded and these facts submitted to the finding of the jury. And because judgment final was entered, without the award of such writ, the judgment must be reversed and the cause remanded.

We fail to discover any other reversible error.

*Reversed.*