196 So. 108

**POUNDS v. TRAVELERS INS. CO. et al.**

**6 Div. 491.**

Supreme Court of Alabama.

May 16, 1940.

Caesar B. Powell, of Birmingham, for appellant.

Kingman C. Shelburne and Bradley, Baldwin, All & White, all of Birmingham, for appellees.

KNIGHT, Justice.

The petition in this cause is filed by Floyd R. Pounds, and seeks to review by certiorari an order of the Circuit Court of Jefferson County, dismissing a complaint filed by the said Pounds for an award of compensation, under the Workmen's Compensation Act of Alabama, against the Travelers Insurance Company, and the Chamber of Commerce of the United States of America, a nonresident corporation.

It appears from the complaint filed by said Pounds for compensation that the said Chamber of Commerce of the United States of America is a corporation organized and doing business in the City of Washington, District of Columbia, and has no agent in the State of Alabama on whom service of process can be had; that on the 4th day of October, 1936, he was employed by the said Chamber of Commerce of the United States of America to solicit subscriptions to a magazine known as "Nation's Business," which was published by said Chamber of Commerce; that on said day, while in the discharge of his said duties to his employer, an automobile was driven into the automobile in which petitioner was then and there riding (in Jefferson County, Alabama), and as a direct and proximate consequence thereof petitioner suffered severe personal injuries. It is then averred "that the aforesaid injuries arose from, out of and in the course of petitioner's said employment as aforesaid by the Chamber of Commerce of U. S. A."

The fifth paragraph of the petition is as follows: "Your petitioner avers that The Travelers Insurance Company did, at the time of said injuries, insure the respondent, the Chamber of Commerce of U. S. A., against compensation losses as provided for in Section 7584 of the Code of Alabama 1928; said insurance covering the injuries sustained by petitioner."

It further appears that the Travelers Insurance Company is a corporation doing business in the State of Alabama.

No service of the petition for compensation was ever served upon the Chamber of Commerce of the U. S. A., nor has it in any way submitted itself to the jurisdiction of the Circuit Court of Jefferson County. But service was had on the Travelers Insurance Company.

After being duly served with process in said cause, the Travelers Insurance Company, appearing specially, filed its written motion praying that the cause be dismissed as to it, assigning four separate grounds. This motion appears in the report of the case.

The court sustained the motion of the Travelers Insurance Company, and dismissed the complaint as to said insurance company. It is this order or judgment the petitioner here seeks now to review and reverse.

With much candor counsel for petitioner here tell us that the precise question precipitated by this appeal has not, so far as they know, been decided by this court, and they also tell us that they have been unable to find an authority in any other jurisdiction which will aid in the solution of the problem here presented.

Counsel for petitioner rely largely upon Section 7584 of the Code and upon the case of National Surety Company et al., v. Coleman, 213 Ala. 377, 104 So. 821, to sustain their contention that a suit of this character can be maintained against the insurer, when confessedly no service can be had upon the employer, he being a nonresident of the state.

We do not feel called upon to determine whether or not the Alabama Workmen's Compensation Act is applicable to the case presented in the circuit court by the petitioner, as neither party here has discussed this question in brief. We pass it over as they have done. See Pacific Employers Ins. Co. v. Industrial Accident Commission of California et al., 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940.

Section 7584 of the Code provides, among other things, that: "Such policies shall contain a clause to the effect that as between the workman and the insurer, notice to and knowledge by the employer of the occurrence of the injury shall be deemed notice and knowledge on the part of the insurer; that jurisdiction of the *employer*

for the purposes of articles 1 and 2 of this chapter shall be jurisdiction of the *insurer;* and that the insurer will in all things be bound by and subject to the awards, adjudgment or judgment rendered against such employer upon the risks so insured. * * *" [Italics supplied.]

This provision of the statute is cited by counsel for petitioner. But we fail to see anything in the above quoted provision that tends in the slightest degree to authorize the institution or maintenance of a suit for compensation against the insurer, in the absence of the employer. The latter clause of the quoted provision, viz, "and that the insurer will in all things be bound by and subject to the awards, adjudgment or judgment rendered against such employer upon the risks so insured" would rather seem to require that judgment against the employer must first be obtained. At all events there is nothing in said provision which would authorize suit to be brought in the first instance against the insurer. There is no privity of contract between the employee and his employer's insurance carrier, and in the absence of some applicable statute authorizing a suit to be brought directly against the insurer in the first instance by the employee on the contract, no such right exists.

The petitioner brings to our attention the case of National Surety Company et al. v. Coleman, supra, not as an authority directly in point, "but as an authority indicative of the position this court has taken where the party secondarily liable sought to escape liability for the reason that the party primarily liable could not be reached."

The National Surety Company case, supra, is not an authority in support of the contention here made by petitioner. That case involved suit by purchasers of capital stock in a foreign corporation against the National Surety Company, as surety on a bond given by such foreign corporation, as a condition for the registration of its securities for sale in Alabama. The statute under which the bond was required, Section 9887 of the Code, provided that no securities should be admitted to record in the register of qualified securities unless the applicant had first given bond with à surety company authorized to do business in the State of Alabama. The Statute expressly authorized suits on said bond by "any person who shall have a right of action against said bond." The bond, it is provided, must be made payable to the State of Alabama. The corporation which gave the bond as principal was a foreign corporation, not qualified to do business in the State of Alabama, and this court, in that case, held that suits, in the circumstances of the case, might be brought against the surety alone. Quite a different case is here presented. Independently of Statute, the undertaking of a surety to answer for his principal is quite different from the undertaking of an insurer, who obligates itself, not with a third person, but with its insured, to pay such losses as the insured may suffer.

The statute, Section 7584 of 'the Code, does contain a provision, however, which, under the conditions there set forth, would release the employer from liability to the employee for accidental injuries received by the latter during the course of his employment, and authorizes a suit to recover for the injuries to be brought directly against the insurer. That provision is: "* * * If the employer shall insure to his employes the payment of the compensation provided by article 2 of this chapter and according to the full benefits thereof, and with full coverage under articles 1 and 2 of this chapter, in a corporation or association authorized to do business in the State of Alabama and approved by the superintendent of insurance of the State of Alabama and if the employer shall post a notice or notices in a conspicuous place or in conspicuous places about his place of employment, stating that he is insured, and by whom insured and if the employer shall further file a copy of such notice with the superintendent of insurance, then, and in such case, any suits or actions brought by an injured employe or his defendants shall be brought directly against the insurer, and the employer or insured shall be released from any further liability. * * *"

Suffice it to say that the record affirmatively shows that the instant case does not come within the influence of the above quoted provision of Section 7584 of the Code.

It follows that the trial court committed no error in sustaining the motion of the Travelers Insurance Company to dismiss said cause as to it, and in dismissing said cause as to said insurance company.

Certiorari denied.

THOMAS, BROWN, and FOSTER, JJ., concur.