**Charlie LEWIS, Appellant,**

v.

**CONSOLIDATED UNDERWRITERS,**
**Appellee.**

**No. 18168.**

United States Court of Appeals
Fifth Circuit.

April 14, 1960.

Rehearing Denied May 30, 1960.

William S. Murphy, Lucedale, Miss., for appellant.

M. M. Roberts, Hattiesburg, Miss., for appellee.

Before HUTCHESON, TUTTLE and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

Alleging his employment by one E. O. Malone, a resident citizen of the State of Alabama, and injuries received in the course of his employment, plaintiff, a citizen of Mississippi, brought this suit against the defendant, a foreign insurance company authorized to do business in Mississippi, as Malone's compensation carrier, under the Alabama Workmen's Compensation Law, for the compensation benefits provided by that law.

The defendant filed a motion to dismiss,[1] and the deposition of E. O. Malone was taken by agreement of the parties. Because it was on the basis of this deposition that the order appealed from was

1. "The defendant moves the Court as follows:

"I. To dismiss the action because the complaint fails to state a claim against defendant upon which relief can be granted.

"II. To dismiss the action, or, in lieu thereof, to quash the return of service of summons on the grounds that process has not been had as contemplated by law.

"III. To dismiss the action on the grounds that the Court does not have jurisdiction over the parties and subject matter because the jurisdiction is invoked solely on the ground of diversity of citizenship and the Alabama Law is involved and the defendant is not subject to suit in a case of this kind under the laws of the State of Alabama under the existing facts."

entered, the substance of his testimony is fully set out in the margin.[2]

Subject to its motion to dismiss, defendant filed an answer denying plaintiff's right to recover. Thereafter defendant's motion to dismiss came on to be heard, and the court, after hearing, entered the following order:

"This cause coming on for hearing on defendant's plea to the jurisdiction of the Court by agreement of the parties, and there was by agreement introduced and made a part of the record of testimony the deposition of E. O. Malone, and the Court having heard and considered same is of the opinion that the defendant is not subject to suit in the State of Mississippi for the matters complained of in the declaration under the laws of the State of Alabama where the injury allegedly occurred and that the plaintiff has no right or authority under the laws of Alabama to sue directly and alone an insurance carrier under the Workmen's Compensation Act of the State of Alabama *in the light of the facts before the Court in the deposi-*

*tion of E. O. Malone* and the law applicable thereto.

"It is, thereupon, the judgment of the Court and ordered that this cause be and it is hereby dismissed for want of jurisdiction in this court, and all costs herein be and the same are hereby taxed against the plaintiff and for which let execution issue." (Emphasis supplied.)

Appealing from this order, plaintiff is here urging upon us that the district judge erred in dismissing the action for want of jurisdiction, both generally because there was federal jurisdiction based on diversity of citizenship, and particularly because the dismissal was based on his conclusion that because his employer failed to post and give the notices required by the Alabama Workmen's Compensation Law, the district court was without jurisdiction to entertain the action of plaintiff to sue directly and alone an insurance carrier under the Workmen's Compensation Act of that state. Insisting that the law of Alabama requiring the posting and giving of notices, etc. is directory and not mandatory, and that the failure in this case to

2. In answer to interrogatories, he testified: that he was in the lumber business and operating a sawmill in Alabama and that Charlie Lewis was employed by him thereon April 25, 1956; that he did not post notices in conspicuous places about his place of business in Citronette, Alabama or elsewhere and did not file any notices with the Departments of Insurance, Commerce, or Industrial Relations of the State of Alabama, or anyone else;

He further testified that his insurance carrier advised him that Charlie Lewis had filed suit against it in the United States District Court, growing out of an alleged accident and injuries allegedly received, on or about April 25, 1956, by Charlie Lewis while working with one Henry J. P. Leverette, and that Charlie Lewis himself told him that he had filed suit.

On cross-examination by interrogatories, he again testified that Charlie Lewis was an employee of his on or about April 25, 1956, and that at that time he did receive an injury or injuries. Asked to describe fully and in detail how the in-

jury or injuries were received by Charlie Lewis, he stated:

"There was a strip hung in the slab trough. Charlie Lewis reached to pull it out with his hand. Henry J. P. Leverette was going to cut it with an ax and as Charlie reached for it, Leverette accidentally cut his arm with the ax."

He further testified that after the accident Charlie was carried straight to the doctor and kept under the doctor's care until he was well and able to come back on the job; that he reported the accident to his workmen's compensation insurance carrier; and that they made an investigation of the accident in which Charlie Lewis was injured; and that to the best of his knowledge that company paid Lewis workmen's compensation from the date of the injury until on or about August 27, 1956 for every week that he was off with his injury until he returned to work; and that his recollection was that Charlie Lewis was paid $1.00 per hour for 40 hours a week; that his average weekly wage was $35 to $40 per week.

post or give them in no manner affected the rights of plaintiff under the Alabama Workmen's Compensation Law, appellant urges that the judgment should be reversed and the cause remanded with directions to the court to try the case on the merits.

Appellee, of the contrary opinion, quoting the Alabama Code,[3] insists that the posting and giving of notices is an essential prerequisite to liability under the Alabama Workmen's Compensation Law, and that the district judge was right in his order dismissing the case. In support of its view, it cites Pounds v. Travelers Ins. Co., 239 Ala. 573, 196 So. 108, holding merely that, where there is no workmen's compensation, a direct action against an insurer will not lie. Cf. Humphrey v. Poss, 245 Ala. 11, 15 So.2d 732, while appellant, relying firmly on the statutes, cites Belcher v. Chapman, 242 Ala. 653, 7 So.2d 859, holding that the provision for posting notices is not mandatory but directory.

We are of the clear opinion: that the holding in the Belcher case is persuasive authority here in support of plaintiff's claim, that he was covered by the Act; and that, while the district judge did not give as his reason for dismissing the suit for want of jurisdiction the fact that the employer did not post a notice or notices in conspicuous places about his place of employment, the conclusion that this was the basis of his action is inescapable.

The plaintiff, in good faith, stated in his complaint the requisite diversity and jurisdictional amount, and there was, therefore, no basis for the dismissal of the cause for want of jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Bell v. Preferred Life Assur. Soc., 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; Colonial Oil Co. v. Vining, 5 Cir., 237 F.2d 913; Liberty Mutual Ins. Co. v. Horton, 5 Cir., 275 F.2d 148.

The judgment of dismissal for want of jurisdiction is, therefore, reversed and the cause is remanded with directions to proceed with the trial of the case on its merits.

---

3. "If the employer shall insure to his employees the payment of compensation provided by article 2 of this chapter and according to the full benefits thereof, and with full coverage under articles 1 and 2 of this chapter in a corporation or association authorized to do business in the state of Alabama and approved by the director of the department of insurance of the state of Alabama, and if the employer shall post a notice or notices in a conspicuous place or in conspicuous places about his place of employment, stating that he is insured, and by whom insured, and if the employer shall further file a copy of such notice with the department of insurance, then, and in such case, any suits or actions brought by an injured employee or his dependents shall be brought directly against the insuror, and the employer, or insured, shall be released from any further liability." Title 26, Par. 309, Code of Alabama of 1940.