WALKER GEORGE, JR., *d.b.a.* WALKER'S GULF SERVICE
STATION *v.* STANDARD OIL COMPANY OF KENTUCKY

No. 41612          December 5, 1960          124 So. 2d 858

*Joe N. Pigott,* McComb, for appellant.

*Watkins & Eager,* Jackson, for appellee.

Holmes, J.

This is an appeal from a judgment of the Circuit Court of Pike County, reversing a judgment of the County Court of said county which overruled a motion of the appellee, Standard Oil Company of Kentucky, to vacate

and set aside a default judgment rendered against it and in favor of the appellant, Walker George, Jr., in a garnishment proceeding. The facts are substantially as follows:

On January 17, 1958, the appellant, Walker George, Jr., recovered a default judgment against H. G. Stennett in the County Court of Pike County for $574.35, together with interest and costs. The validity of this judgment is not challenged. On November 13, 1958, the said Walker George, Jr., filed a suggestion for writ of garnishment on the aforesaid judgment to be served upon Standard Oil Company of Kentucky. The writ was issued on November 13, 1958, and served on the Standard Oil Company of Kentucky on November 19, 1958, summoning the said Standard Oil Company to appear at the December 1958 term of the County Court of Pike County, towit, on December 8, 1958, to answer the said writ of garnishment. No answer was filed to said writ of garnishment and at the return term of the writ, towit, on December 24, 1958, a default judgment was rendered in favor of the said Walker George, Jr., and against the Standard Oil Company of Kentucky for $574.35, together with interest and costs.

No motion was filed during the return term of the County Court of Pike County to set aside the aforesaid default judgment before the adjournment of said term.

On April 7, 1959, Joe N. Pigott, the attorney for Walker George, Jr., wrote the Circuit Clerk of Pike County a letter advising of the rendition of said default judgment and further advising that the Standard Oil Company of Kentucky had been notified of the judgment by a letter from the said Pigott on January 6, 1959, and that no action had been taken toward the payment of said judgment, and further notifying the said clerk that he issue execution on said judgment unless full payment thereof was received by or before April 15, 1959. A copy of this letter was sent to the Standard Oil Company

at Jackson, Mississippi. On April 10, 1959, being the fourth term of the County Court of Pike County after the rendition of the aforesaid default judgment, the said Standard Oil Company filed a motion in the County Court of Pike County to set aside and vacate said default judgment. It was alleged in said motion that the Standard Oil Company of Kentucky was not indebted to the said H. G. Stennett at the time of the rendition of the aforesaid default judgment, and had not since become so indebted, and that the said Standard Oil Company of Kentucky had no knowledge of the rendition of said default judgment until the receipt of the aforesaid letter from the attorney for Walker George, Jr.

It was further alleged in said motion that the garnishee, acting through its agent, H. S. Owens, sent an agent of the Standard Oil Company of Kentucky to the office of the clerk of the circuit court to investigate the matter and that such agent found among the papers in the cause an envelope from the garnishee containing a copy of the writ of garnishment served upon the garnishee, which envelope was postmarked Jackson, Mississippi, November 18, 1958, and was marked filed by the clerk on November 19, 1958, the aforesaid envelope being addressed to the Clerk of the Circuit Court, Pike County, Magnolia, Mississippi; that the records failed to disclose an answer of the garnishee on file in the cause; that the said Owens had a telephone conversation with the attorney for George in which the attorney told him that he would not take advantage of the fact that no answer to the writ of garnishment was shown to be timely filed, but that he would contact his client and then advise him further.

Owens testified that he then immediately contacted his attorney and filed a motion to set aside the default judgment, the same being filed on April 10, 1959. The said Owens further testified that when being apprised of the rendition of the default judgment and after in-

vestigation in the circuit clerk's office, he prepared an answer in which he denied that the Standard Oil Company of Kentucky was in any manner indebted to the said Stennett or had any property or effects in its hands and that he enclosed this answer in the aforesaid envelope which was received by the clerk; that this answer was sworn to before a justice of the peace on November 20, 1958, and the said Owens exhibited a copy thereof which was introduced in evidence. The said Owens further testified that when apprised of what had happened, he prepared the aforesaid answer and enclosed the same in the aforesaid envelope and that the copy thereof was found in his files together with a copy of a letter written to the circuit clerk advising the circuit clerk that he was enclosing an answer to the garnishment. The County Court of Pike County, after hearing the matter, overruled the motion of the garnishee to set aside and vacate the aforesaid default judgment. The said Standard Oil Company then appealed to the circuit court, and the circuit court reversed the judgment of the county court and entered an order setting aside and vacating the aforesaid default judgment, and from this order this appeal is prosecuted.

It is the contention of the Standard Oil Company of Kentucky that it made an attempt in good faith to answer the aforesaid garnishment, and that the county court was therefore in error in overruling its motion to set said default judgment aside. While the said Owens testified that the answer which he prepared and enclosed in his letter to the clerk was dated November 20, 1958, the record shows that the envelope containing only the copy of the writ of garnishment was postmarked at Jackson on November 18, 1958, and was received and filed by the clerk on November 19, 1958. Nothing other than the aforesaid envelope containing the copy of the writ of garnishment which had been served on the Standard Oil Company of Kentucky was filed in the cause. No at-

tempt was made by the garnishee to set aside the default judgment until during the fourth term following the term of the court at which the said default judgment was rendered.

Section 2798 of the Mississippi Code of 1942 provides in its pertinent parts as follows: "If a garnishee personally summoned shall fail to answer as required by law, . . . . and he failed to show cause for vacating it, the court shall enter a judgment against him for the amount of plaintiff's demand; and all costs and such judgment shall be final, unless cause be shown to the contrary *during the same term,* and execution shall issue thereon." (Emphasis ours)

██ ██ This Court has definitely held that the power of the court to set aside a default judgment ends with the term of the court at which it is rendered unless the facts in reference thereto make a case coming within the chancery court's jurisdiction to set aside a judgment on the ground of fraud, accident or mistake. The record in this case is wholly free of any evidence showing fraud, accident or mistake.

Closely analagous to the facts of the case at bar is the case of Corinth State Bank v. Nixon, 144 Miss. 674, 110 So. 430. In that case it appeared that the garnishee prepared an answer on Saturday before the return day of the garnishment on the following Monday, and that said answer was duly signed and acknowledged and mailed to the clerk of the court on Saturday before the return day of the garnishment. The record showed, however, that no answer to the garnishment was filed. The trial court set aside the final judgment rendered in that case, and the court had this to say:

"We are of the opinion that the court erred in setting it aside. The power of the court to set aside a decree pro confesso and a final judgment thereon ends with the term of the court at which it is rendered, and the court loses control over it unless the facts in ref-

erence thereto make a case coming within the chancery court jurisdiction to set aside a judgment on a ground of fraud, accident, or mistake. In order to maintain an original bill for this purpose on the ground of mistake, the mistake must be a mutual mistake, and the complainant must not be negligent with reference to his default. The bill here does not come within the provisions of law upon this subject. The complainant, when he was garnished, was under duty to see that his answer was filed, and to see that the proper decree was entered discharging him; and if he permitted a decree to be taken against him without complying with these requirements, he is negligent.'' Accordingly the judgment of the lower court was reversed and the bill dismissed.

We think that the authorities cited by the appellee are not analagous to the case at bar and therefore not applicable. In all of those cases something was filed by the garnishee, such as a letter, paper, or other document, which was amendable to serve as an answer. Here nothing was filed other than an envelope addressed to the circuit clerk and containing the copy of the writ of garnishment which had been served on the garnishee. Owens testified that he had prepared the answer under date of November 20, 1958, and had enclosed it in a letter to the clerk bearing the same date. It is significant, however, that the envelope said to contain such enclosures appears postmarked at Jackson, Mississippi, on November 18, 1958, and was received and filed by the clerk on November 19, 1958, yet the copy of. the answer introduced in evidence shows that it was not sworn to before the justice of the peace until November 20, 1958, which was in fact after the date of the receipt of the envelope by the clerk. Giving the most favorable consideration to the evidence offered on behalf of the garnishee, it is overwhelmingly shown that nothing was filed in response to the writ of garnishment except the aforesaid envelope and the aforesaid copy of the writ of

garnishment enclosed therein. We think it was the duty of the garnishee, as was held in the case of Corinth State Bank v. Nixon, supra, to see that its answer to the writ of garnishment was filed and that the proper judgment was entered discharging him. There was a failure on the part of the garnishee to discharge this duty.

The proceedings here under review to have the aforesaid default judgment set aside were not begun or filed until the fourth term of the county court following the term at which the default judgment was rendered. The aforesaid statute provides that action to set aside the default judgment must be taken by the garnishee during the term of the court at which the default judgment was rendered. No such action was taken here. We are accordingly of the opinion that the circuit court was in error in reversing the judgment of the county court and the judgment of the circuit court is therefore reversed and the judgment of the county court reinstated. In view of our conclusion, we do not discuss appellant's other assignment of error.

Reversed and judgment of county court reinstated.

*McGehee, C.J.,* and *Lee, Ethridge* and *McElroy, JJ.,* concur.