## DEDEAUX, et al. *v.* LAWLER

No. 43644 November 1, 1965 179 So. 2d 779

*Oscar B. Ladner,* Gulfport, for appellants.

*William V. Murry*, Hattiesburg, for appellee.

BRADY, TOM P., J.

This is an appeal from a judgment entered in the Circuit Court of Harrison County, Mississippi, against Curtis O. Dedeaux, then Sheriff and Tax Collector of Harrison County, Mississippi, and the United States Fidelity & Guaranty Company, the surety on his official bond, in the amount of $500, the alleged value of a sailboat which the sheriff had taken into his possession and stored on the premises of Joseph W. Moran. The pertinent facts in the case are as follows:

On March 30, 1960, a writ of replevin was issued in the County Court of Harrison County, Mississippi, No. 18,252, wherein H. H. Lawler was plaintiff, appellee here, and Joseph W. Moran was defendant. The writ of replevin directed the sheriff to seize and safely keep one twenty-one foot sailboat then in the possession and under the control of the said Joseph W. Moran but which was actually the property of the appellee, H. H. Lawler. The sheriff, by said writ, was ordered and directed to seize this sailboat and to deal therewith according to law and to summon Moran to appear before the county court to answer the action of the appellee, H. H.

Lawler, for the unlawful detention of said property. The declaration further charges that on March 30, 1960, the sheriff, through his deputy, went upon the premises of the defendant, Joseph W. Moran, and seized and took possession of the sailboat, after H. H. Lawler had posted an indemnity bond of $1,000 in cash.

The return on the replevin writ shows that on March 30, 1960, the sheriff found the sailboat stored in the Joseph W. Moran Boatworks. The boat was held in custodia legis and was of the value of $500.

The declaration further alleges that a judgment heretofore was recovered by Lawler against Joseph W. Moran, finding that Lawler was entitled to the immediate possession of the sailboat replevied. The plaintiff thereupon called on the sheriff for the immediate delivery of said sailboat, and the sheriff has failed and refused to make such delivery.

The declaration further alleges that the sheriff did not and could not deliver the boat to the plaintiff for the reason that it has been partially destroyed; that there is only a portion of the boat which remains because of the results of vandalism whereby the boat was dismantled and removed by persons unknown to Lawler; that it would cost over a thousand dollars to put the boat in as good condition as it was when seized by the sheriff; that the destructive work of vandals and the depreciation in the value of the boat was occasioned by negligence of the sheriff in failing to enforce the duties imposed upon him by law for the safe keeping of the property.

The declaration of the appellee demanded judgment against the appellants in the sum of $500, together with all costs. With appellee's declaration he filed a copy of the bond in the sum of $20,000 executed by Sheriff Curtis O. Dedeaux and his surety, United States Fidelity & Guaranty Company, for the faithful performance of the duties of his office. He filed also the oath of

office taken by the sheriff to faithfully discharge the duties of the office of Sheriff of Harrison County. The declaration was filed on December 19, 1963, in the County Court of Harrison County, Mississippi.

On January 13, 1964, a motion for time in which to plead was filed by appellants, Curtis O. Dedeaux and United States Fidelity & Guaranty Company. On the same date an order was entered allowing the appellants thirty days additional time in which to answer the declaration of the appellee. It appears that no steps of any kind whatsoever were taken by the appellants subsequent to the order granting the thirty days additional time in which to answer.

On April 20, 1964, judgment was entered in the County Court of Harrison County, reciting that the appellants had been given additional time within which to plead, and that no pleadings, answer or other matter had been filed. Three terms of court had passed and the time had long since expired in which the appellants were permitted to plead or answer, and a judgment was entered against the appellants in the sum of $500, together with all costs.

Subsequent to the entering of the judgment and on the same date, an affidavit for bill of particulars was filed by the appellants. In the disposition of this case it is not necessary for us to consider the sufficiency of the affidavit for bill of particulars.

On the following day, April 21, a motion was made to set aside the default judgment. On April 29, after hearing lengthy arguments by both sides, the county court overruled the motion to set aside the default judgment, and an appeal was taken to the circuit court, which affirmed the judgment. This appeal was perfected to this Court.

In passing, the motion to set aside the default judgment was not sworn to by appellants, since there was no affidavit filed therewith. No witnesses appeared or

testified to any of the allegations in said motion. Various errors are urged by the appellants in support of their motion to set aside the default judgment.

We have carefully reviewed the record in this case and studied the briefs submitted by counsel representing both sides and we have reached the inescapable conclusion that no errors have been committed in this cause except that the action brought by the appellee, plaintiff below, is not an action ex contractu but is an action ex delicto. Under the provisions and requirements of Mississippi Code Annotated section 1547 (1956) it was necessary for the appellee to have requested and obtained a writ of inquiry in order to determine the amount of damages which were due and owing by the appellants.

This is not a suit founded on an instrument of writing showing the sum due, nor is it on an open account where a copy of the account is filed with the declaration. It is based upon the negligence of the appellant, Dedeaux, in the performance of his duties as Sheriff of Harrison County, Mississippi.

Other than the failure to ask for and receive a writ of inquiry and thereby determine the amount of damages, which of course could not exceed the sum of $500, we do not find any reversible errors in this cause. This case is therefore affirmed as to liability against appellants herein but is reversed and remanded for the determination of damages only by the issuance of a writ of inquiry.

Affirmed as to liability and reversed for determination of damages only.

*Lee, C. J., and Rodgers, Patterson and Inzer, JJ.,* concur.