RODGERS, Presiding Justice.
This is a suit on a workmen’s compensation claim, filed in the Circuit Court of George County, Mississippi, by the appellant Roy A. Overstreet against the defendant insurance carrier for ABC Mid-South Theaters, Inc., under the workmen’s compensation laws of Alabama. The appellee was duly summoned to answer the claim, but failed to appear, and a default judgment was taken by the appellant at the regular term of the George County Circuit Court on August 26, 1969. The regular term of the George County Circuit Court was adjourned in August, 1969. Thereafter, on September 16, 1969, the present attorney for the appellee wrote a letter to the Circuit Clerk of George County at Lucedale, Mississippi, requesting the court file in the case against the appellee insurance company. On September 22, 1969, the appellee filed a motion in vacation requesting that the court set aside the default judgment obtained at the past term of court upon the grounds that the attorney’s office had been damaged by an unusual windstorm, and also upon the ground that the action was based upon an accident in Alabama and was subject to the Alabama workmen’s compensation law; that under the Alabama law the insurance carrier cannot be sued directly and, therefore, the Circuit Court of George County did not acquire jurisdiction against the appel-lee insurance company. The Circuit Judge entered an order in vacation on September 30, 1969, setting aside the default judgment. On October 10, 1969 (in vacation) the appellee insurance company filed a second motion in which the appellee requested the court to dismiss the cause of action upon the ground, inter alia, that suit could not be brought directly against the insurance carrier of an Alabama employer. On the second day of December, 1969, a second order was entered again setting aside the default judgment taken at the regular term of court.
The circuit court convened on February 22, 1971. The appellant Roy A. Overstreet filed a motion on February 22, 1971, requesting the circuit court to set aside the *530 orders entered, in vacation, after the August term of the circuit court.
On March 2, 1971, the circuit court overruled the motion of appellant requesting the court to set aside the vacation orders. The court also dismissed the cause of action. Appellant, Roy A. Overstreet, has appealed from the judgment of the circuit court to this Court and contends that the circuit court had no authority to set aside a default judgment, rendered at a regular term of court, after the court had adjourned, where no fraud was shown to have entered into the procurement of the judgment. This is undoubtedly the law in this state and we have so held from the early history of Mississippi. Hyde Construction Company v. Highway Materials Company, 248 Miss. 564, 159 So.2d 170 (1963); George v. Standard Oil Company of Kentucky, 239 Miss. 712, 124 So.2d 858 (1960); National Casualty Company, et al. v. Calhoun, 219 Miss. 9, 67 So.2d 908 (1953); Strain v. Gayden, 197 Miss. 353, 20 So.2d 697 (1945).
In George, supra, this Court said:
“This Court has definitely held that the power of the court to set aside a default judgment ends with the term of the court at which it is rendered unless the facts in reference thereto make a case coming within the chancery court’s jurisdiction to set aside a judgment on the ground of fraud, accident or mistake. ...” 239 Miss. at 717, 124 So.2d at 860.
The appellee’s attorney alleges that there was an accident which prevented him from filing pleadings in the case. He said his office was damaged by the famous Camille windstorm that swept ashore on the Mississippi coast; that his papers were lost; and that he did not realize that he was required to file pleadings in the case before the term of court had expired.
We do not here consider whether the circuit court has jurisdiction to set aside a judgment valid on its face in vacation because of an unfortunate mistake or accident, since in either case the facts here presented are not of such a nature as would warrant the court to take such action.
If the default judgment entered by the Court in term time on August 26, 1969, were a final judgment it could not be set aside by the circuit judge in vacation. Strain v. Gayden, 197 Miss. 353, 20 So.2d 697 (1945). We must, therefore, first determine whether or not it was a final judgment.
The declaration filed in this case is a claim for an undetermined amount due the claimant for compensation under the Alabama workmen’s compensation law. The amount to be paid for compensation depends on the seriousness of the injury. The amount of medical benefits due claimant depends upon the kind and amount of medical treatment. In order to determine these factors it is necessary that proof be offered in court.
Section 1547, Mississippi Code 1942 Annotated (1956) is in the following language :
“Judgment — when final. In actions founded on an instrument of writing showing the sum due, or on an open account, where a copy of the account is filed with the declaration, if judgment be rendered on demurrer, by confession, or by default, the clerk shall calculate the amount due for principal and interest, and judgment shall be entered therefor and be final, if not set aside during the term. And in all actions where the sum due does not so appear, and in all actions sounding in damages, if the defendant do not plead, interlocutory judgments may be taken, on which writs of inquiry shall be awarded, which may be executed at the same term either by the jurors attending court or by the judge, at the option of the plaintiff. And after a writ of inquiry shall be executed, and judgment rendered thereon by the court, the *531 same shall not be set aside unless good cause be shown therefor on oath; and in such case the defendant shall plead immediately, and the plaintiff shall not thereby be delayed of his trial.”
The default judgment taken in term time appears to be a final judgment, but an examination of the record reveals that there was no writ of inquiry issued, and no testimony was taken (as to the amount due) before a jury or the trial judge.
In Jenkins v. Wilkerson, 76 Miss. 368, 24 So. 700, (1899) where a writ of inquiry was not issued, this Court said:
“. . . [A] writ of inquiry should have been awarded, and these facts submitted to the finding of the jury; and, because judgment final was entered without the award of such writ, the judgment must be reversed, and the cause remanded.” 76 Miss. at 372, 24 So. at 701.
See also: Allison & Hyde v. Williams, 142 Miss. 825, 108 So. 142 (1926).
In the case of Dedeaux v. Lawler, 253 Miss. 854, 179 So.2d 779 (1965) the defendant, appellant, made a motion to set aside a default judgment fixing the amount due by appellant sheriff for the value of a boat held by him under a replevin writ and which was destroyed. On appeal to this Court we pointed out that a writ of inquiry was necessary under the facts in that case to establish the value of the property destroyed. We remanded the case so that the value of the destroyed property could be determined, but we permitted the default judgment to stand as to liability of the sheriff.
In the instant case, Section 1547, Mississippi Code 1942 Annotated (1956) permitted the plaintiff to take “an interlocutory judgment” in favor of the plaintiff. The judgment entered in the instant case, therefore, could not be a final judgment, and at best could only be considered an “interlocutory judgment” in favor of the plaintiff, appellant.
We are next confronted with the question as to whether or not the interlocutory default judgment could be reopened in vacation after the court had adjourned. In George v. Standard Oil Company of Kentucky, 239 Miss. 712, 124 So.2d 858 (1960) this Court held that a motion to set aside a default judgment could not be entertained in vacation. In 1962 the Mississippi Legislature amended Section 1519 of the Mississippi Code 1942 by Chapter 297 of the Laws of 1962, by adding to that section the following words:
“(b) On motion of either party and written notice for ten (10) days to the attorney of record for the opposing party or parties all demurrers and motions may be determined in vacation, in the discretion of the court, and the hearing of same shall be held in the county where the suit is pending unless the judge in his order shall otherwise direct.
“When notice is given by mail two (2) days shall be added to the prescribed period.” (Emphasis added)
This section was made effective July 1, 1962. We had this amendment to Section 1519, Mississippi Code 1942 before us in the case of Hyde Construction Company v. Highway Materials Company, 248 Miss. 564, 159 So.2d 170 (1963), and in that case we had the following to say:
“The order setting aside the default judgments and the orders granting new trials were authorized by the new amendment to § 1519, Miss. Code 1942, Rec. Since this amendment does not authorize the circuit court to try cases and render final judgments in vacation, we are of the opinion, and so hold, that the orders entered by the trial judge in vacation serve to sustain the motion to set aside the default judgment and grant new trials, but that the case was then continued for final hearing to the next term of the court.” (Emphasis added) 248 Miss. at 575, 159 So.2d at 174.
*532 In the case at bar the appellant contends that the failure of appellee to set out good cause on oath in support of his motion to set aside the default judgment was fatal. This Court addressed itself to this particular contention in Hyde Construction Company v. Highway Materials Company, supra, wherein the Court said:
“We are of the opinion that appellants alleged a ‘good cause’ in their motions above referred to, and that since the foregoing statute does not require the ‘oath’ to he in writing, appellants could have attached an affidavit to the motions to set aside the judgments, or they could have introduced sworn evidence at the hearing to sustain the ‘good cause’ alleged. Appellants offered their attorney as a witness ‘on oath’ to establish the grounds alleged. We hold that this procedure is a sufficient ‘oath’ to meet the requirement of the statute.” (Emphasis added) 248 Miss. at 576, 159 So.2d at 175.
In the case at bar there was no oath attached to the motion to set aside the default judgment; nor was there testimony taken under oath to sustain it, as required by Section 1547, Mississippi Code 1942 Annotated (1956). Moreover, there is nothing of record to show that notice was given to the plaintiff of the application to set aside the judgment. The vacation motion did not comply with the requirements of Sections 1519 and 1547, Mississippi Code 1942 Annotated (1956). The orders entered in vacation were, therefore, erroneous.
The appellant, Roy Overstreet, however, filed a motion to set aside the vacation orders and this motion was heard in term time and an order was entered setting aside the default judgment entered at the August term 1969. The court had authority to hear the motion at that time, because where cases are not disposed of at one term of court they are continued to the next term of court. Section 1649, Mississippi Code 1942 Annotated (1956).
Since the plaintiff, appellant, did not obtain a writ of inquiry to determine the amount due, we hold that the judgment was an interlocutory judgment. An interlocutory judgment by default remains in the breast of the court until it is made final, and may be set aside at any time for good cause shown before damages are assessed by writ of inquiry and final judgment. Barber v. North Shore Hospital, Inc., 133 So.2d 339 (Fla.App.1961), rev. 143 So.2d 849 (Fla.1962), on remand 145 So.2d 760 (Fla.App.1962); Vestavia Country Club v. Armstrong, 271 Ala. 294, 123 So.2d 130 (1960); Cleveland v. Cleveland, 262 Ala. 90, 77 So.2d 343 (1955); 49 C.J.S. Judgments § 333, p. 607 (1947).
The trial court, however, went further in its order. It sustained a motion filed by the insurance company asking the court to dismiss the cause of action upon the ground that the court had no jurisdiction of the action, because the suit was brought against the insurance carrier alone, to the exclusion of the employer.
The appeal from the final order of the trial court dismissing the suit presents the primary issue as to whether or not the Circuit Court of George County has jurisdiction to try a workmen’s compensation case under the Alabama law where the insurance carrier is sued directly and the employee is not a defendant.
In the outset it is appropriate to point out that the Alabama workmen’s compensation law is court administered and is not administered by a legislative administrative agency.
The Alabama Workmen’s Compensation Act provides, in Title 26, Alabama Code 1942, Section 297, as follows:
“Controversy submitted to circuit court; jury trial; appeal, etc.—A. Controversy submitted to circuit court. In case of a dispute between employer and employee or between the dependents of a deceased employee and his employer with *533 respect to the right to compensation under articles 1 and 2 of this chapter, or the amount thereof, either party may submit the controversy to the circuit court of the county which would have jurisdiction of a civil case in tort between the same parties. Such controversy shall be heard and determined by such judge or judges of said court as would hear and determine a civil action between the same parties arising out of tort and in case there is more than one judge of such court, such controversies shall be set and assigned for hearing under the same rules and statutes that civil actions in tort are set and assigned; such court may hear and determine such controversies in a summary manner. The decision of the judge hearing the same shall be conclusive and binding between the parties, subject to the right of appeal in this article provided for. B. Jury trial. When wilful misconduct on the part of the employee is set up by the employer, as it is provided for herein, the employer may, upon appearing, demand a jury to hear and determine, under the direction of the court, the issues involved in this defense. If the employer fails to demand a jury upon appearing, the employee may demand a jury to try such issues, by filing his demand within five days after the appearance of the employer. When a jury is demanded by either party, the court must submit the issues of fact as to wilful misconduct set up by the employer to the jury, for a special finding of the facts subject to the usual powers of the court over verdicts rendered contrary to the evidence or the law, but the judge must determine all other questions involved in the controversy without a jury. Upon setting up such defense, the employer must serve a copy of the plea or answer, setting up the defense, upon the employee or his attorney of record. C. Court always open. For the purpose of hearing and determining controversies between employer and employee or the dependents of a deceased employee and the employer, arising under articles 1 and 2 of this chapter, the circuit court shall be deemed always in session. D. Adverse claimants. If at any time there are adverse claimants to compensation hereunder, the employer in submitting said claim to said circuit court may suggest in writing said claimants and they shall be required to inter-plead and said court shall determine and decree to which claimant or claimants such compensation is justly due and said employer upon complying with the order of such judge, shall be released from the claims of any other claimants thereto. E. Appeal by certiorari. From such decree any aggrieved party may by certio-rari within thirty days thereafter appeal to the supreme court or the court of appeals of Alabama.”
Title 26, Alabama Code 1940, Section 309, provides, among other things, as follows :
“. . .If the employer shall insure to his employees the payment of the compensation provided by article 2 of this chapter and according to the full benefits thereof and with full coverage under articles 1 and 2 of this chapter in a corporation or association authorized to do business in the state of Alabama and approved by the director of the department of insurance of the state of Alabama, and if the employer shall post a notice or notices in a conspicuous place or in conspicuous places about his place of employment, stating that he is insured and by whom insured, and if the employer shall further file a copy of such notice with the department of insurance, then, and in such case, any suits or actions brought by an injured employee or his dependents shall be brought directly against the insurer, and the employer, or insured, shall be released from any further liability. . . . ”
*534 In 99 C.J.S. Workmen’s Compensation § 22, p. 149 (1958), it is said:
“The principle that the courts of one state will out of comity, assume jurisdiction of causes of action which are transitory in their nature, given by and arising under the laws of another state, where by so doing they will not violate their own laws or inflict injury on their own citizens is applicable, to an action under the workmen’s compensation law of another state; and in a proper case the courts of one state may recognize and enforce the workmen’s compensation laws of another state. . . .”
It is also stated in 99 C.J.S. Workmen’s Compensation § 25, n. 91, p. 168 (1958), that:
“Where compensation law provides for fixing of compensation by court action, court of foreign state may fix compensation. Esteves v. Lykes Bros. S. S. Co., C.C.A.Tex., 74 F.2d 364, certiorari denied Lykes Bros. S. S. Co. v. Esteves, 295 U.S. 751, 55 S.Ct. 830, 79 L.Ed. 1695.”
In Larson’s Workmens’ Compensation Law, Section 84:20, pp. 363-364, it is said:
“It is sometimes held that, if the compensation rights are not tied to any particular administrative procedure, but are enforceable generally by the courts of the home state, there is no such obstacle to their being enforced in the court of another state. But the opposite holding is equally common. The essence of the question is not so much whether the administration of the act in the two states is by court or commission as whether the forum state can afford substantially all of the remedy guaranteed for the foreign statute. The Mississippi Court said, in granting relief under the Louisiana Act: ‘It is not necessary that the remedy shall be identical with that of the foreign jurisdiction . . . It is only necessary . . . to do substantial justice between the parties under the rights existing by virtue of the foreign substantive law.’” (Citing: Floyd v. Vicksburg Cooperage Co., 156 Miss. 567, 579-580, 126 So. 395, 398 [1930]).
We must pause here to point out that in Floyd, supra, the defendant employer was located and doing business in Mississippi, and, in fact, filed pleadings in the case. The Floyd case holds, however, that where a statute does not create a new right, or, if a new right, the remedy is separable, the remedy prescribed will, in the forum of another state, be regarded as cumulative and not exclusive. It is said that “whatever the law of the forum may be, the plaintiff’s case must stand, if at all, so far as his right of action is concerned, upon the law of the place where the injury occurred.”
It has been settled, therefore, that the courts of Mississippi are open to parties for the enforcement of the workmen’s compensation law of a sister state, provided, of course, that the parties may be found within the jurisdiction of this state. Orleans Dredging Co. v. Frazie, 173 Miss. 882, 161 So. 699 (1935); Louisville & N. R. Co. v. Dixon, 168 Miss. 14, 150 So. 811 (1933); Travelers’ Insurance Co. v. Inman, 157 Miss. 810, 126 So. 399, 128 So. 877 (1930).
The appellee insurance carrier contended that it cannot be sued in Mississippi, directly and alone, without the employer’s being made a party to the suit, because, it is said, the appellant does not allege that the Liberty Mutual Insurance Company and the employer had complied with the statutory requirements set forth in Section 309(6) and which are necessary to allow a direct action against the carrier insurance company separate and apart from the insurer.
On the other hand, the appellant contends that this issue was submitted to the United States Court of Appeals, Fifth Circuit, in the case of Lewis v. Consolidated *535 Underwriters, 276 F.2d 687 (1960) and that court held that the Alabama law (Section 309, Title 26, Alabama Code 1940) is directory and not mandatory and that, since there was a diversity of citizenship, the United States District Court for the Southern District of Mississippi had jurisdiction. The appellate court cited Belcher v. Chapman, 242 Ala. 653, 7 So.2d 859 (1942) as authority for holding that the foregoing Alabama law was directory and not mandatory.
In the Belcher case, supra, the employer was attempting to avoid common law liability and substitute liability under the workmen’s compensation law. Under Section 273, Title 26, Alabama Code 1940 there is a presumption of acceptance of the provisions of the workmen’s compensation law by every employer unless he gives written notice of his election not to be bound thereby. The employer was attempting to avoid common law liability by forcing a technical construction of Section 274, Title 26, Alabama Code 1940, which is as follows:
“§ 274. (7547) Employer’s notice.— The employer shall post and keep posted in a conspicuous place in his factory, shop or place of business, where the employee is employed, a written or printed notice of his election not to accept or be bound by the provisions of this article, or he shall personally serve a copy of such notice on the employee; and he shall file a duplicate or copy of such notice with the department of industrial relations and with the probate judge of the county in which the employee is performing service under said employment.”
Addressing itself to this question and holding that the posting of notice or personally serving notice not to be bound thereby was sufficient to rebut the presumption of liability under the workmen’s compensation law, the Alabama Court said:
“The legislative intent in requiring the employer to file a duplicate or copy with the Probate Judge of the county in which the employee is performing service under such employment, and to immediately mail a copy of such notice, after it has been recorded, to the department of industrial relations, is to preserve evidence of such election, and is directory merely. Therefore the failure of the employer to file such duplicate or copy, or of the Probate Judge to record and mail a copy, is not essential to the completeness of the election. . . .” 242 Ala. at 657, 7 So.2d at 862.
Sections 273, 274 and 309, Title 26, Alabama Code 1940 are entirely different Code sections. Section 273 creates a presumption that employers have workmen’s compensation insurance and Section 274 requires posting of the notice and filing notice with the insurance commissioner, in order to be relieved of the presumption, while Section 309 sets up the methods of insuring risk as self-insurer or by obtaining insurance coverage. Section 309 ends by saying that with the insurance coverage obtained under this section, suit may be brought directly against the insurer. We hold that the reasoning in the Belcher case does not apply to the case now before us and, therefore, Lewis is inapplicable. The specific requirements of Section 309 must be alleged and proven before the employer is released from liability and an action is brought directly against the insurer.
In the case of Pounds v. Travelers Insurance Company, 239 Ala. 573, 196 So. 108 (1940) the court cited Section 7584, (which is now Section 309, supra) and said:
“. . . But we fail to see anything in the above quoted provision that tends in the slightest degree to authorize the institution or maintenance of a suit for compensation against the insurer, in the absence of the employer. The latter clause of the quoted provision, viz, ‘and that the insurer will in all things be bound by and subject to the awards, ad-judgment or judgment rendered against such employer upon the risks so insured’ *536 would rather seem to require that judgment against the employer must first be obtained. At all events, there is nothing in said provision which would authorize suit to be brought in the first instance against the insurer. There is no privity of contract between the employee and his employer’s insurance carrier, and in the absence of some applicable statute authorizing a suit to be brought directly against the insurer in the first instance by the employee on the contract, no such right exists.” 239 Ala. at 575, 196 So. at 109-110.
The Court went on to say:
“The statute, Section 7584 of the Code, does contain a provision, however, which, under the conditions there set forth, would release the employer from liability to the employee for accidental injuries received by the latter during the course of his employment, and authorizes a suit to recover for the injuries to be brought directly against the insurer. That provision is: ‘. . . If the employer shall insure to his employes the payment of the compensation provided by article 2 of this chapter and according to the full benefits thereof, and with full coverage under articles 1 and 2 of this chapter, in a corporation or association authorized to do business in the State of Alabama and approved by the superintendent of insurance of the State of Alabama and if the employer shall post a notice or notices in a conspicuous place or in conspicuous places about his place of employment, stating that he is insured, and by whom insured and if the employer shall further file a copy of such notice with the superintendent of insurance, then, and in such case, any suits or actions brought by an injured employe or his defendants (sic) shall be brought directly against the insurer, and the employer or insured shall be released from any further liability. . . . 239 Ala. at 575, 196 So. at 110.
In the case of Humphrey v. Poss, et al., 245 Ala. 11, 15 So.2d 732 (1943) a suit was brought against Fort McClellan Post Exchange and American Employers Insurance Company as the sole parties defendant. The Court held that the post exchange was a branch of the federal government' and could not be sued. The Court then held that a demurrer to the declaration filed against the insurance company should have been sustained because the workmen’s compensation law had no application. The Court, however, made a significant statement with reference to Section 309, supra. In speaking of the Pounds v. Travelers Insurance Company case, siipra, it said:
“. . . The Court did observe, however, in the Pounds case that there was in fact no privity of contract between the employee and his employer’s insurance carrier, and that in the absence of some applicable statute authorizing suit to be brought directly against the insurer in the first instance by the employee on the contract, no such right exists.” 245 Ala. at 15, 15 So.2d at 735.
We are of the opinion that no right exists under the Alabama law to sue the insurance company without suing the employer until the conditions precedent set out in Section 309, supra, have been accomplished, since employee’s contract is with the employer and not the insurance company. We hold that it is not alleged that the conditions of the Alabama law permitting direct action had been accomplished, therefore, the Circuit Court of George County could not entertain a suit for workmen’s compensation against an Alabama insurance carrier without first obtaining jurisdiction over the employer under the facts here shown.
The trial court was correct in dismissing the action.
Affirmed.
JONES, BRADY, SMITH and SUGG, JJ-, concur.